## SUPREME COURT.

### JESSE N. BOLLES, receiver, &c., agt. JOHN A. DUFF, receiver, &c., and others.

Where the general term of this court, on a regular call of a cause on the calendar, take a *submission* of the cause for decision, from the plaintiff's attorney—he declining to take the default of the defendant, his attorney not appearing, and order that the defendant's attorney have notice of such submission, and permission to submit his points, which submission is not made by the defendant during the term, although regularly notified by the plaintiff's attorney, in pursuance of such order; a *subsequent general term* of the court, cannot, by calling such submission a *default*, and on motion of the defendant, set aside such submission, and grant an order for a new trial.

It is the plain duty of the justices, to whom the cause was submitted, notwithstanding the orders of the subsequent general term, to decide and dispose of the cause.

*General Term, November,* 1869.

*Present*—CLERK, *P. J.,* CARDOZO, *and* SUTHERLAND, *J. J.*

ON vacating general term orders of June 10th and 14th, 1869:

B. C. THAYER *for the plaintiff.*

A. OAKEY HALL *for the defendant Duff.*

SUTHERLAND, J.—This is a motion by the plaintiff to vacate and set aside two orders of this court in this action, made at the general term in June last, one dated the 10th and the other the 14th of June last, by the first of which the court set aside and vacated what in and by the order is called "the default taken by the plaintiff in above action, on the 20th day of April, 1869, at the general term of this court," and further ordered the case "to be orally heard" at the then present general term, and that the cause be set down for argument on the second Monday of said June, and by the other of which orders the court reversed,

vacated, and set aside the interlocutory judgment or decision of Justice POTTER, made in this action at special term, the 29th day of June, 1866, and all proceedings had thereunder, and awarded a new trial to the defendant Duff.

The following facts appear from the papers submitted on this motion :

This is an equity action, and was tried before Justice POTTER at special term, and an interlocutory decision or decree was made by him therein on the 29th day of June, 1866, by which the defendant Duff was decided and declared to be a mortgagee and trustee of certain property in his possession in question, and liable to account, &c., and by which a reference was made to a referee named, to take and state the account upon certain principles stated, and by which the question of costs, and all questions, except those settled by the interlocutory decision, were reserved until the coming in of the referee's report.

On the 30th of March, 1868, and after the amendment of section 268 of the Code, by the act of April 25th, 1867, allowing and providing for a motion, for a new trial at general term on a case and exceptions, before final judgment, where the interlocutory decision or judgment directed an accounting, or further proceedings, and while the accounting was pending before the referee named in the interlocutory decision or judgment, or any other referee substituted for him, and of course before there had been any report of a referee or final judgment, the attorneys for the defendant Duff served the attorney for the plaintiff with a copy of a case and exceptions made, taken, and filed in the action, with notice that a motion for a new trial would be made thereon at the ensuing April general term.

The case having been put on the general term calendar and not having been reached as must be presumed, the attorneys for the defendant, Duff, and the attorney for the plaintiff both noticed it for argument at the April general term, 1869.

At the April general term, 1869, on the 20th day of April, upon the case being called, and the attorney and counsel of the plaintiff appearing and answering, and no one appearing or answering for the defendant, Duff, and upon the attorney and counsel for the plaintiff, expressing a disinclination to take the defendant's default, and requesting permission to submit the case with his printed points, with liberty for the defendant, Duff, to submit points in support of his motion, the court permitted him to do so, and made an order to that effect, stating on its face that it was made on due proof of notice of argument for the first Monday of April, in and ·by which order it was directed that the defendant's attorneys should have notice of such sub-mission, and permission for the defendant, Duff, to submit points.

On the 22d day of April, 1869, the defendant Duff, his attorneys and Mr. John Graham, as his counsel or one of his counsel, were served with written notices by the attorney, for the plaintiff, of such submission, which notices stated that the defendant Duff had liberty to submit points in support of his motion.

The account in the moving papers of what took place at general term, when the case was called on the 20th of April, the order of the general term and the notice sub-sequently given to the defendant Duff, his attorneys, and counsel, do not permit a doubt that the court intended that the attorney of the plaintiff should submit with his points, papers sufficient or requisite for the examination and decision or disposition of the motion for a new trial on the case and exceptions, and that the attorney for the plaintiff did submit and hand up to the court copies or papers pur-porting to be copies·of the case and exceptions with his points, and that the court received such copies of the case, &c., with the points for the purpose of deciding and dis-posing of the motion.

No points were submitted for or in behalf of the defend-

ant Duff before the adjournment of the general term for the term, nor was any motion made to the general term before its adjonrnment, for the term, for or in behalf of the defend-ant Duff, to be heard orally on the motion; but on the 26th day of April, 1869, after the general term had adjourned for the term, his attorneys in the action applied to a justice of this court, other than either of the justices who held the general term when the order of submission was made, and obtained from him an order dated on that day, for the plaintiff or his attorney to show cause before him at special term, at chambers, on the 28th instant, at 10 a. m., "why the default taken by the plaintiff herein on the 20th instant, and referred to in the annexed affidavits, and also in the notice served by the plaintiff's attorney under date of April, 20, 1869, a copy whereof is hereto annexed, should not be set aside and vacated, and why the case should not be ordered to be heard at the next general term, in the regular course of the calendar, &c."

This order to show cause was obtained on two affidavits one of Mr. Van Antwerp, as one of the attorneys for the defendant Duff, and the other of Mr. Hall, as counsel or associate counsel for him, which two affidavits were the affidavits referred to in the order to show cause, as annexed to it, and to which affidavits referred to therein, and in the order to show cause, was annexed an alleged copy of a notice, of which the following is a copy:

## SUPREME COURT.

JESSE. N. BOLLES, receiver, &c., agt. JOHN A. DUFF, and others.

GENTLEMEN.—You will please take notice that your motion for a new trial in this cause was this day submitted to the general term, on the case and exceptions herein, and my printed points, and that you are at liberty to submit points in support of your motion.

Please furnish me with a copy of your points herein, and I will furnish you with a copy of mine.

Yours, &c., B. C. Thayer, *plaintiff's attorney.*
To Messrs. Van Antwerp and James, *attorneys for the defendant, Duff.*

Dated, New York, April 20th, 1869.

In both affidavits the proceeding which took place on the 20th of April, 1869, at general term, when the case was called, no one appearing for the defendant, Duff, was called, " a default taken," and in both affidavits the alleged copy of a notice annexed, of which a copy is above given, is referred to as showing that that proceeding was a default taken.

On the return day of the order to show cause, the plaintiff's counsel not appearing, the hearing of the motion was postponed by the justice who granted the order to show cause, until the 6th May following.

A motion having been made by the plaintiff before another justice for an order postponing the hearing of the motion by the defendant, to set aside the alleged default taken by the plaintiff at the April general term, until the decision by the general term of the defendant Duff's motion for a new trial, in which motion of the plaintiff an order staying proceedings had been granted, Duff's motion to set aside the default alleged to have been taken at the April general term was directed by the justice who granted the order to show cause to proceed before him on the 25th of May, 1869.

The plaintiff's motion to postpone the hearing of Duff's motion, until after the decision of the general term, was denied on the 20th day of May, 1869, after a hearing, and the stay of proceedings vacated.

On the 25th of May, Duff's motion, both parties appearing by counsel it is said in affidavit read on the part of the defendant Duff, was proceeded with but not concluded; but it does not further appear what was done.

On the 27th day of May, the counsel of Duff obtained an order from the justice before whom the motion was pending, continuing and adjourning the motion to the 7th day of June (the first day of the next general term) following.

By this order either party had liberty to notice the cause for a hearing at the next general term, and place the same on the calendar, but all other proceedings were stayed by the order until the final decision of Duff's motion so continued and adjourned.

On the same day (27th of May) an order was obtained from the same justice for the plaintiff to show cause at the opening of the court on the first day of next general term (the first Monday and the 7th of June,) "why the default taken by the plaintiff on the 20th day of April last, at the general term of this court, should not be set aside and vacated, and the cause ordered to be heard at the said general term in the regular course of the calendar," &c., which order to show cause, as appears by a recital on its face, was granted on the affidavits and papers served, used, and referred to on the motion before the said justice on the order to show cause granted by him on the 26th of April last.

The attorney for the plaintiff was served with the orders of the 27th of May, and also with a notice of a motion to be made at the opening of the court on the first day of the then next June general term, to set aside the default alleged to have been taken by the plaintiff on the 20th day of April last, and also with notice of argument of Duff's motion for a new trial at the opening of the general term on that day, which last mentioned motion the attorney for the plaintiff declined to accept, and returned on the ground that there was no such motion for a new trial then pending; that the same had been submitted for decision, by the order of the general term, on the 20th day of April, 1869, of which the attorneys of the defendant Duff had theretofore had due notice.

At the opening of the next June general term, on the 7th of June, Mr. Hall, as counsel for the defendant Duff, made the motion to set aside what was called the default of the defendant Duff, taken on the 20th of April, the attorney for the plaintiff appearing and reading and leaving with the court, or the clerk of the general term, a copy of the general term order of the 20th of April, an affidavit stating what took place when that order was made, substantially as the circumstances of the transaction or proceeding have been above stated, and a protest in writing against the court's entertaining the motion on various grounds, which it is not necessary specially to refer to.

Subsequently, and on the 10th of June, the motion was decided, and the next day the order dated the 10th of June, and called herein-before the order of the 10th of June, was settled and made.

Subsequently, and on the 14th of June, the case, on defendant Duff's motion for a new trial, having been put on the calendar, was called, and no one appearing for the plaintiff, the order of the 14th of June was made.

When this order of the 14th of June was made, the justices who made the order of the 20th of April, had not decided or made any disposition of the motion for a new trial on the papers which had been submitted to them, on making that order.

It does not appear that the defendant Duff, his attorneys, or counsel, have ever submitted, handed up, or sent, points on the motion to the justices last referred to or either of them, or have ever, any or either of them, expressed or intimated an intention or willingness to do so.

The two justices who, with the presiding justice, held the April general term and made the order of the 20th of April, were other than the two who, with the presiding justice, had been assigned to hold the June general term, and held it and made the orders of the 10th and 14th of June. There are other matters which I have not specially referred to in

the papers, but I·deem the parts which have been stated all that are necessary for stating and understanding the grounds on which I think the general term. orders of the 10th and 14th of June should be vacated, which are—

*First.* It is impossible to view the motion of the defendant Duff to vacate and set aside what, in the order of the 10th June, and the papers on which it was made, is called a default taken, as recognizing on his part that his case and exceptions, and motion for a new trial, had been submitted at the previous April general term, so that the justices who held that general term, and had the papers for decision, could decide or make any disposition of the case or motion, binding on him, Duff.

There was nothing in his motion papers (nominally and in form to set aside a default taken,) which can be said to have been stated by way of excuse for not having availed himself of the privilege granted him, and of which he had notice to submit points, nothing stated in them to show, that he wanted further time to submit points—nothing tending to show that there were circumstances about his case, or questions in it, or features of his motion, making an oral argument necessary or advisabe, other than the mere statement that he or his counsel desired an oral argument.

It is palpable that his motion to set aside what was called a default taken, and the order of the 10th of June must be received as. having been made on the ground that his default had been taken.

*Second.* His default had not been taken.   The papers on this motion show that his default had not been taken, the order of the April general term shows it, the very copy notice annexed to the affidavits upon which the order to show cause, was granted, and to the order to show cause, and referred to in them, shows it.

It is impossible to call the proceeding at general term, on the 20th of April, the taking of a default.   Duff's default was not taken.   The attorney and counsel of the

plaintiff declined taking his default. The court took the case for decision; of which, and of his privilege of submitting points, Duff, his attorneys, and one of his counsel, had notice.

*Third.* I think what took place when the case was called on the 20th of April, at the April general term, whether it be called a submission or not, gave the justices of this court, then present and holding the term, not only power to make a decision or disposition of the case and motion (until regularly reversed or set aside,) binding on the plaintiff and the defendant Duff, both, but also made it their duty to decide or dispose of the case and motion, whether the defendant Duff or his counsel did or did not avail himself or themselves of the privilege of submitting points.

*Fourth.* If these justices had this power, and such duty was or had been imposed upon them, it is, I think, impossible to say that the general term that made the orders of the 10th and 14th of June had power to make them; for the motion for a new trial on the case and exceptions when these orders were made, had not been decided or disposed of by the three justices who, on the 20th of April, had taken the papers for the purpose of deciding and disposing of the motion.

The question of power is not a question as to the power of the court as an entity, or in the abstract.

The question is not whether a general term of this court, held by justices C. I., and S., has or has not the same or as much power as a general term held by justices C. and C. and B. Of course two general terms, so held, may be said to have the same or equal power. But the question of power which arises on this motion to vacate the orders of the 10th and 14th of June is as to the power of the justices or administrators of the powers and duties of this court, to interfere with the exercise of the official powers, or the performance of the official duties of each other, after and when the exercise of such powers, and the per-

Bolles agt. Duff.

formance of such duties, have attached in a particular case, and before the powers have been exercised. or the duties performed.

Of course there is no limit to the power of thinking. The June general term, that made the orders of the 10th and 14th of June, may have deemed the proceeding at the · April general term, when the case was submitted, a default, or a default taken. It is plain that the April general term did not deem it a default, or a default taken, and that the defendant Duff's default was not, in fact, taken. But the question is not what either of the general terms deemed the proceeding of the 20th of April.

The question of power is, whether the June general term under the undisputed circumstances, by deeming or calling the proceeding of the 20th of April a default, or a default taken, had power to make the orders of the 10th and 14th of June with the effect (I do not say design or intention) of relieving the justices who held the April general term of the power, and discharging them of the duty of deciding or disposing of the defendant Duff's motion for a new trial, when it must be presumed it was being held under consideration by them.

I think it the plain duty of the justices who held the general term in April to whom the papers were submitted and who made the order of the 20th of April, notwithstanding the orders of the 10th and 14th of June, to decide and dispose of the defendant Duff's motion for a new trial on the case and exceptions, and if the order of the 14th of June is permitted to stand I do not see why there must not be two general term orders in the case on the same motion for a new trial inconsistent with each other, whatever may be the decision of the justices who made the order of the 20th of April, and I do not see how the plaintiff could be relieved or saved from the embarrassments which two such general term orders would cause otherwise than by this motion and decision.

*Fifth.* But it is by no means necessary to say, that the orders of the 10th and 14th of June were made without power. The general term of this court often vacates and modifies its own orders as inadvertently made, or on the ground that the court was misled by a mistake or misapprehension as to, or of, some material fact or circumstance.

Irrespective of the question of power, I think the orders of the 10th and 14th of June should be vacated, on the ground that we must or should presume them to have been made under a misapprehension of the proceeding and the effect of the proceeding on the 20th of April, which possessed the justices who then held the general term of the case and motion of the defendant Duff, for decision, which misapprehension we must and should further presume arose from the unjustifiable misnomer of the proceeding of the 20th of April, by and in the papers on which the order of the 10th of June was granted.

Of course, in vacating the orders on this ground, it is to be presumed that if the same justices who held the general term when the orders were made, had happened to have held the general term when this motion was made, they would have vacated them.

The orders, however, should be vacated without costs, either to the plaintiff or the defendant Duff, as against each other.

I concur. See my opinion.

T. W. C.

I dissent. I agree with Judge CLERKE that the last general term had the power which it exercised, and no reason exists to vary the discretion which it exercised.

CLERKE, P. J.—I differ from SUTHERLAND, J., so far as he denies that the June term had power to make any disposition of the procedure at the April term. Whether that procedure be called a submission or default, I hold that the general term, sitting in June, were capable of annulling or modifying it, at any time before the final decision of the justices who sat at the April term, on the papers then submitted to them. As I said in my dissenting opinion on the motion at the June term, I considered it exceedingly inexpedient to interfere with the action of the April term; but, I did admit that the justices composing the June term had the power to do so. But, the same power, which they exercised in relation to the action of the April term, the justices composing the November term possess in relation to the action of the June term; and, as I still consider the former an inexpedient, if not irregular exercise of power, and as it was plainly a default caused by the misapprehension or error of the plaintiff's attorney, I think in so important a matter, that the plaintiff ought to have an opportunity of being heard. I, therefore, concur with SUTHERLAND, J., in the conclusion at which he has arrived, irrespective of the question of power.