Bolles *v.* Duff.

———•••———

JESSE N. BOLLES, receiver &c. *vs.* JOHN A. DUFF, receiver &c., and others.

The defendant, under the provisions of an amendment to section 268 of the Code of Procedure, passed in 1867, noticed a motion for a new trial, which motion was put upon the general term calendar. The defendant not appearing when the same was called for argument, the plaintiff took an order that the motion for a new trial on the case and exceptions be submitted to the court on said case and exceptions and the plaintiff's printed points, with liberty for the defendant to submit points in support of the motion, and that his attorney have notice of such submission. *Held* that this was clearly an order taken on the defendant's default; and as such, it was subject to be opened, on the defendant's motion, in like manner as any other default.

56  567|
81h  99|

56b    567|
38 Mis⁷142|

A motion to open a default can always be made before, and heard by, the judge or judges holding a term other than that at which the default was taken, although he or they may not be the same judge or judges who granted the default.

An order taken by default, being so taken without hearing the party against whom it is taken, a motion to open it (being founded on papers showing an excuse) never has been regarded as, and is not in fact, the review of a previous decision on a matter whereon both parties have been heard.

Hence there is not only no legal impediment, but no impropriety in moving to open a default, at a subsequent general term, composed of judges different from those who sat when the default was taken.

The power of one general term, or one special term, to grant a rehearing of a matter determined by a previous general or special term, upon a hearing of both parties, is unquestionable. It is, however, a power which should be rarely exercised; although there are cases in which it is eminently proper that it should be exercised. *Per* GEO. G. BARNARD, J.

A decision made after hearing both parties cannot be reviewed on a motion to vacate, either on the ground of misapprehension or any other, unless perhaps by the very judge or judges who made the decision. The only mode of reviewing such a decision is by appeal, or by a reargument had on leave granted, upon a motion made therefor.

If a motion for leave to reargue is made, it will not be granted unless it appears that there is some decision, or some principle of law, which would have a controlling effect, and which has been overlooked; or that there has been a misapprehension of the facts. And even in these cases leave will rarely be granted when there is a remedy by appeal.

A review of a decision made by a coördinate branch of this court, not upon a reargument, but a distinct affirmative proceeding in the cause—a review and reversal, by one general term, of a decision made at a previous general term, in the same cause, by judicial brethren of the same district—is a departure from well established and well known rules, and is erroneous. *Per* BRADY, J.

THIS was an application on the part of the defendant Duff, to the general term of this court, for a reargument or a rehearing of a motion made by the plaintiff at the general term in November, 1869, to vacate certain orders made at the general term in June, 1869; and also for an order that the motion for a new trial on the part of the defendant Duff, upon a case, be reheard, and for such additional or other relief as the circumstances might call for.

The facts appear in the opinions.

*John Graham,* for Duff.

*B. C. Thayer,* for the plaintiff.

GEO. G. BARNARD, J.   This is an equity cause, and was
tried at a special term assigned for the trial of equity
causes, before a single judge.   The decision made by the
judge did not authorize a final judgment, but directed fur-
ther proceedings before a referee.   The decision was made
June 27, 1866.   The defendant, under the provisions of an
amendment to section 268 of the Code, passed in 1867,
noticed a motion for a new trial, to be heard at the gen-
eral term.   This motion was on the general term calendar
for April, 1869.   The defendant not appearing when the
same was called for argument, the plaintiff took an order
that the motion for a new trial on the case and exceptions
be submitted to the court on said case and exceptions and
the plaintiff's printed points, with liberty for the defend-
ant Duff to submit points in support of said motion, and
that the defendants' attorneys have notice of such sub-
mission.

This was clearly an order taken on the defendants' de-
fault.   As such it was subject to be opened on the defend-
ants' motion, in like manner as any other default.   A
motion to open a default can always. be made before, and
heard by, the judge or judges holding a term other than
that at which the default was taken, although he or they
may not be the same judge or judges who granted the de-
fault.   An order taken by default, being so taken without
hearing the party against whom it is taken, a motion to
open it (being founded on papers showing an excuse) never
has been regarded as, and is not in fact, the review of a
previous decision on a matter whereon both parties have
been heard.   There was, therefore, not only no legal im-
pediment, but no impropriety, in moving in this case to
open the default, at a subsequent general term, composed

Bolles *v.* Duff.

of judges different from those who sat when the default was taken.

The defendant did make such a motion at the June general term. The plaintiff appeared, and was heard in opposition to that motion. The June general term held that the order of April 20, 1869, was taken by default of the defendant; that the defendant had satisfactorily excused the default, and that it should therefore be opened; and thereupon made an order, dated June 10, 1869, opening the default taken against the defendant, ordering the cause to be orally heard at the then June general term, and setting the same down for argument on the second Monday of June.

Pursuant to this order, the cause was called for argument on said second Monday of June, when, the plaintiff not appearing, the defendant took by default an order dated June 14th, 1869, reversing the interlocutory order entered on the decision of the judge who tried the cause at special term, awarding a new trial, and vacating the order of reference and all proceedings had thereunder.

Thereupon the plaintiff made a motion at the November general term, for an order vacating and setting aside the orders of June 10th and 14th. On this motion the defendant appeared and was heard. The court entertained the motion, and vacated those orders. (*a*)

Application is now made for a rehearing of the motion to vacate the orders of June 10th and 14th, also for a rehearing of the motion for a new trial on the case made, and for such further or other order or relief as may be just in the premises.

The power of one general term, or one special term, to grant a rehearing of a matter determined by a previous general or special term, upon a hearing of both parties, is unquestionable. It is, however, a power which should be

(*a*) See 55 *Barb.* 313.

rarely exercised. There are nevertheless cases in which it is eminently proper that it should be exercised. It would be foreign to the purposes of this opinion to enumerate the various instances in which it has been exercised. The present case falls within the principles on which rehearings are granted, as we shall now show.

The motion at the November general term was heard before the three judges who composed that term; two concurred in granting the motion, and one dissented. One of those who concurred sat in the June term, and dissented from his brethren in granting the order of June 10th; the dissenting judge also sat in the June term, and by his vote the order of June 10th was granted.

The judge who concurred in vacating the orders of June 10th and 14th, and who did not sit at the June term, placed his decision on the grounds: 1st. That the June term had no power to make those orders. 2d. Irrespective of the question of power, that that general term must be presumed to have acted under some misapprehension. His first ground is based on his view that the order of April 20th, directing a submission, was not an order taken on the default of the defendant. This very point was presented to the June general term, and after hearing argument on both sides, the court decided it was taken on the defendants' default.

As to his second ground, he draws his presumption from what he terms the unjustifiable misnomer of the proceeding of the 20th April, by and in the papers on which the order of the 10th June was granted. Inasmuch as the June general term explicitly held that the proceeding of 20th April was a proceeding by default, and delivered an opinion showing that it was and could be nothing but a proceeding by default, it is singular that the learned judge found himself able to indulge in a presumption that the justices of the June term were misled by a mere form of words.

The other judge who concurred in vacating the orders of June 10th and June 14th, was the one who dissented from the decision of the court that made those orders, and who then held, with the majority of the judges constituting that court, that that court had the power to make those orders, but dissenting from the decision on the ground that no sufficient reasons had been presented for the exercise of the power, and that he could not see that justice required its exercise for the purpose of giving the defendants permission to present an oral instead of a written argument. On these points he was overruled by a majority of the judges who held the June term. And now we find him, as one of the members of the November general term, casting his vote to vacate the orders made at the June term by a majority of the court over his dissent, upon precisely the same grounds on which he placed his dissent; for he says: "As I said in my dissenting opinion, on the motion at the June term, I considered it exceedingly inexpedient to interfere with the action of the April term; and as I still consider the action of the June term an inexpedient, if not an irregular exercise of power, and as it was plainly a default caused by the misapprehension or error of the plaintiff's attorney, I think, in so important a matter, that the plaintiff ought to have an opportunity of being heard."

It would seem to be evident from this opinion that the learned judge who delivered it did not intend to disturb the order of June 10th, but merely the order of June 14th, which was taken on default of the plaintiff, and which he designed to open, so as to give the plaintiff an opportunity to be heard. He, however, did concur in general terms, on the back of the opinion of that one of his associates who, in his opinion, decided that both orders should be vacated.

It will thus be seen that the November general term, so far as the order of June 10th is concerned, reviewed and

reversed the decision of the June general term, made after hearing both parties, no new facts having been presented. Indeed one of the opinions discusses the very points discussed by the June term, and on which its orders were made, and deliberately reverses the decision of that term on those points; and this without referring to any recent decision bearing on the point, or suggesting any principle of law that had been overlooked by the preceding general term. While the other opinion reverses, on the very ground which that learned judge had urged on his previous associates, as against the granting of the order of June 10th, and which he had failed to satisfy them was a sufficient reason for refusing these orders, it would seem as if he, having obtained the physical power, had determined to enforce his own views in place of those of his previous associates, by assisting in overturning their decision.

It would certainly seem as if there was some principle to which such action as that exercised by the November general term is antagonistic. If there is not, then this general term could, on a motion to vacate, set aside the order of the November term on the same papers on which it was granted, and for the same reasons as were laid down by the June term; and so the next general term could in like manner review and vacate the orders of this term, and so on, *ad infinitum.* Especially would there be a constant endeavor, if one judge, dissenting from the decision made on the first argument, to bring the matter, by a motion to vacate the order or judgment entered under that decision, before a subsequent general term composed of the dissenting judge and either one or two judges different from those who sat at the first term, and thereby, if they succeeded in satisfying one of those other two judges that the dissenting judge was correct, to procure a vacatur of the first judgment or order by the concurring votes of that one judge and that dissenting judge. Thus, in the carrying on

of a litigation, there would be interminable reviews and inextricable confusion.

There appears to us to be a principle which, if it exists, would prevent all this, and would be decisive against the action of the November general term, so far as the order of June 10th is concerned.

The principle here referred to is this: A decision made after hearing both parties cannot be reviewed on a motion to vacate, either on the ground of misapprehension or any other, founded on the papers then before the court, unless perhaps by the very judge or judges who made the decision. The only mode of reviewing such a decision is by appeal, or by a reargument had on leave granted, upon a motion made therefor. If a motion for leave to reargue is made, it will not be granted unless it appears that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked; or that there has been a misapprehension of the facts; and even in these cases, leave will rarely be granted where there is a remedy by appeal.

It generally happens that the argument of the motion for leave to reargue involves the reargment itself. In such cases it is of course an unnecessary waste of time and labor, after granting the motion for leave, to hear counsel again on the reargument, for the bare purpose of having them again go over the same reasoning and citations which they have addressed to the court. But where the court grants a reargument on the ground that there is a decision or principle of law which has been overlooked and which would have had a controlling effect, or that there has been a misapprehension of fact, without having heard counsel either as to the soundness or extent of the principle of law, or as to the controlling effect of the principle, decision or misapprehension of facts, then the reargument should be had, in order to allow counsel to be heard on those points.

Bolles *v.* Duff.

In the present case there appears to be a principle of law, as above suggested, which is decisive against the action of the November general term, and which was overlooked by the judges composing that general term; and for this reason, especially as there is no appeal from the orders in question made by that term, a reargument should be granted, so far as that order vacates the order of June 10th. As, however, counsel have not been heard either as to the existence or extent, or controlling effect of the principle, a reargument should actually be had to enable them to be heard thereon.

But, on the principles above stated, there does not appear to be any ground for directing a reargument of that part of the order which opens the default taken on the 14th of June. If that part of the order of November term, which vacates the order of June 10th, should be affirmed on the reargument, then of course the decision of the April term on the case made by the defendant will stand; if however it should be reversed, then of course that decision will be vacated by the very operation of opening the default on which it was rendered. In this latter event the default taken by defendants' counsel on June 14th, having been set aside by the November term, the motion for a new trial will have to be noticed and brought on for argument in precisely the same manner as if none of the proceedings from and including April 20 had taken place.

The motion for leave to reargue should be granted, without costs to either party.

BRADY, J. The practice adopted by the plaintiff at the general term in April does not prevail in this State, and I am not aware of any similar procedure. The defendant having failed to appear, the plaintiff was entitled to an order affirming the referee's report; and his omission to take it, though a concession to the defendant, was one which he did not ask, and to the terms of which he was

not bound to accede. His right to be heard orally could not, in my judgment, be thus taken away. The submission of the case by the plaintiff's counsel was permitted at his request, and, as he says, in order to avoid a motion to open a default, though coupled with leave to the defendants to submit their printed points. If a default had been taken in the usual and regular way, the application to open it might or might not have been successful, but it certainly would have prevented the various proceedings and seeming antagonisms which have distinguished this case from others.

The plaintiff had no right to anticipate in the manner adopted, the privilege of the defendant to apply to have the default taken against him set aside. In trying to accomplish that object, and in that mode to prevent delay, he has incurred the troubles which invariably result from a departure from the well established rules and practice of our courts. The defendants declined to submit their points in writing, and moved at the June term to have the default opened, and the motion was successful. The plaintiff made his protest against that proceeding, and failed to appear when the cause, having been restored, was set down for argument and regularly called. The motion was granted in June, upon the theory that the occurrence in April amounted only to a default. That the general term in June had the power to do what was done does not seem to be doubted by the judges who have expressed their opinions upon this part of this controversy. Justice Sutherland, as I understand his opinion, does not question the power of the general term to open a default, as such, taken at a previous general term, but expresses the opinion that the submission made in this case was binding on the parties and the court, rendering it the duty of the latter to consider and dispose of the case.

The order made at the general term in November, vacating the orders made at the general term in June, was,

in my judgment, the first departure in this case from well established and well known rules. It was a review of a decision made by a coördinate branch of this court, not upon a reargument, but a distinct affirmative proceeding in the cause—a review and reversal by one general term of a decision made at a previous general term in the same cause by judicial brethren of the same district.

The order at June term had no such effect. It opened as a default a proceeding which had not been otherwise declared, and that is a common and often a proper and commendable incident in the administration of justice.

Although Justice SUTHERLAND descanted upon the power of the general term to do what was done on those days, he thought that irrespective of the question of power, the orders of June 10th and 14th should be vacated, on the ground that it should be presumed that they were made under a misapprehension of the proceeding at the April term, and from the unjustifiable misnomer of that proceeding. This is equivalent to saying that it was not a default, and that the judges were not acting with full knowledge that the precise question whether it was or not, was for them to determine.

The judges however were not acting under a misapprehension. It appears, as I understand the opinion in which the majority concurred, that whether it was a default or not, was considered and passed upon. The protest of the plaintiff's attorney made that duty apparent and unavoidable. That general term also declared their power to open the case, even if the procedure were a submission, and thus based their orders of the 10th and 14th June both upon discretion and power; a decision which, in my judgment, should not have been reversed by a similar general term. The plaintiff's remedy was an appeal to the Court of Appeals, if he was dissatisfied with the judgment thus pronounced.

---

Bolles *v.* Duff.

---

It may be further said that Justice CLERKE dissented from the opinion of Justice SUTHERLAND, so far as it denied the power of the June term to make any disposition of the procedure at the April term, and expressed the opinion that it was inexpedient to interfere with the action of the April term, although he admitted that the justices composing the June term had the power to make the orders made by them. Justice CLERKE seems to have concurred in the conclusion at which Justice SUTHERLAND arrived, upon the ground that the justices composing the November term had the same power in relation to the action of the June term that the justices of the June term had in relation to the action of the April term, and that the default taken against the plaintiff was caused by his misapprehension or error. Justice CARDOZO dissented.

There is, I respectfully insist, no agreement here of reasoning or principles, and the conclusion arrived at by different modes of thought is not unanimous. *The result* is a conflict between general terms of the same court, in the same district.

I think, as already stated, that the error first committed was at the November term, and that the decision there made is not entitled to the same consideration as that made at the general term in June, both for the reason that it reverses a decision of a coördinate branch of the same court and that it is not agreed to by a unity of reasoning or principles by two of the justices composing the term.

It is my judgment, that as there is this conflict, the better course to adopt is to remit the parties to the position occupied by them in April, and to put the cause down for argument for some day in the present April term.

INGRAHAM, P. J., dissented.

Motion for a reargument granted.

[NEW YORK GENERAL TERM, April 4, 1870. *Ingraham, Geo. G. Barnard* and *Brady*, Justices.]