Brady, J.
The dismissal of the complaint in this action by default, at the last October term, is not conclusive upon the plaintiff, although not ordered until after a motion to postpone the trial had been heard and determined against him; and an application to set aside the order may therefore be made, notwithstanding the quasi review of the decision of another justice which such a preceeding involves (Leighton v. Wood, Frst District, General Term, 17 Abb. Pr., 178).
The question, therefore, now presented, is whether, taking into consideration all the facts and circumstances disclosed, and the proceedings in this action, the order of dismissal should be retained. Upon what seems to me to be a much more elaborate exposition of such facts, circumstances and proceedings, and certainly a better opportunity for deliberation than can be afforded the justice presiding at a trial term, it is my judgment that the default should be set aside. I deem it unnecessary to express in detail the reasons which have led to this result. I consider it sufficient, on a motion of this character, to state generally the conclusions at which I have arrived.
It is proper, however, for me to say that the entry upon the minutes, which was as follows: “Complaint dismissed with costs upon order being entered, the cause to stand over to November 14, 1870, at half past ten o’clock A. M., to fix the amount of the extra allowance to the defendants, and to give the plaintiff leave at that time to open the default and try the *244 cause,”—was, notwithstanding the leave suggested, a judgment of dismissal. The defendants, by their proceeding, were entitled to the order dismissing the complaint upon the denial of the motion to postpone, and to that only. They took more than that, as appears by the entry above set forth. They could not by their action, unsolicited by the plaintiff, name the time and place at which leave to open the default w'ould be given, and more particularly when such leave was to be coupled to the condition that he should then and there try the cause. They could not thus, without his application therefor, or approval thereof, limit or confine him to the tribunal to which he might apply for relief from the order made or judgment pronounced, or in any way anticipate the terms upon 'which such relief should be extended. I have heretofore, in the case of Bolles v. Duff (decided at the general term of this district, and reported in 56 Barb., 567), expressed my views to this effect upon a kindred proceeding, and. still adhere to them.
Ordered accordingly.