## FASSETT *a.* TALLMADGE.

*Supreme Court, Third District; Special Term, October,* 1861.

### MOTION.—RECEIVER.

Upon a mere formal motion to substitute one person for another as receiver in an action, though it be founded, by the notice, upon the pleadings, decree, and proceedings in the action, as well as upon affidavits, the opposing party cannot question the regularity of the original order appointing such receiver, or the proceedings generally.

If there be no personal incapacity in the proposed substitute, the motion may be granted without prejudice to a motion to set aside the proceedings for irregularity.

Motion for change of receiver.

This was a creditor's action, brought to set aside a conveyance as fraudulent.

The motion was (according to notice) upon " the pleadings, decree, and proceedings in the action," as well as upon affidavits.

*Rufus W. Peckham, Jr.,* and *Wm. C. Hornfager,* for the motion, after reading affidavits of the present receiver and of competency of the proposed substitute, rested.

*Elbridge T. Gerry*, for the defendant, opposed, objected that the whole proceedings in the suit *ab initio* were illegal and void, and was proceeding to present the point upon the merits and affidavit, when stopped by the court.

HOGEBOOM, J.—I do not think that, upon a mere formal motion to substitute one person instead of another as receiver in an action, the opposing party is at liberty to examine the regularity of the original order appointing such receiver, or of the proceedings generally in the suit, even though the plaintiff moves upon all the pleadings, decree, and proceedings in the case. It would act as a surprise upon the latter, and he is entitled to notice of so serious an objection. If there be no personal incapacity in the proposed substituted receiver, I will grant the motion, without prejudice to the right of the defendant to move in the usual way to set aside the whole proceedings as irregular.

Motion granted, without costs.

---

## OWEN *a.* CAWLEY.

*Supreme Court, First District; General Term, October,* 1861.

MARRIED WOMAN'S SEPARATE ESTATE.—SERVICES OF ATTORNEY.—WITNESS.—HUSBAND AND WIFE.

In an action to charge the separate estate of a married woman, either the intention to charge the estate must appear in the contract on which the action is brought, or such intention must be inferable from a direct benefit to the estate.*

---

* In the case of YOUNG *a.* GORI (*Supreme Ct., First District; At Chambers, September,* 1861), the right of a married woman to make contracts, and sue and be sued thereon, under the act of 1860, was discussed and maintained. The action was against a married woman, who was transacting business on her own account, to recover for goods sold her.

The cause came up on demurrer to the complaint.

BARNARD, J.—The questions in this case arise under the Act of 1860, relating to married women.