NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—January, 1863.

## DOBKE v. MUNRO.

### In the Matter of the Probate of a Paper propounded as the Will of JOHN MUNRO.

In the absence of any proof of fraud, or mistake, or accident, a decree rejecting a will propounded for probate, will not be opened on the grounds that the counsel engaged were incompetent, or that the attesting witnesses, not being familiar with the English language, did not, on the hearing, fully understand questions put to them in that language, as to the due execution of the instrument propounded. The proper remedy is by appeal.

In a proceeding in the Surrogate's Court, the original decree is the paper signed by the presiding officer of the court, written out on a sheet or sheets of paper.

The record or minutes, kept in pursuance of the statute, is merely the enrolment of the decree, which should conform to the original decree, and may be made to do so on motion. No signature is required to this record.

An original decree is not irregular and void, merely because the title of his office is not affixed to the name of the acting surrogate signed to it.

When the surrogate's decree refusing probate will be opened—stated.

The petitioners, Catharine Dobke and Gustavus Pheiffer, sought to obtain an order rescinding the conclusions of acting-surrogate Daly, and to open a decree, entered by him, denying probate to a paper propounded as the last will and testament of John Munro, deceased.

B. J. BLANKMAN, *for Petitioners.*

FULLERTON & STEVENSON, *opposed.*

THE SURROGATE.—This is a petition reciting circumstances which are alleged to have attended the rejection, by Acting-Surrogate Daly, of the paper propounded as the will of John Munro, deceased, and praying that the Surrogate's Court will "rescind its conclusion, and receive additional evidence" upon the probate of the will. The petitioners are

the persons named in the paper so propounded and rejected, as executrix and executor.

The Revised Statutes (3 *Rev. Stat.*, 5 ed., 142, 162–164) empower this court to revoke letters of administration or of guardianship, in certain cases, or to revoke probate of a will, upon allegations, filed and proven by next of kin, made within a year. [For an instance of this latter, see the Matter of the Will of John Mason, Surrogate's Minutes, vol. 11, p. 182, and vol. 12, p. 50, and pp. 108 to 193, and decree, p. 194.]

The powers of courts of probate, so learnedly reviewed by my predecessor (*Brick's Estate*, 15 *Abbotts' Pr.*, 12), have also been shown to extend to the revocation of certain acts there enumerated under the following heads, viz. : I. Where a decree had been obtained by collusion or fraud. II. Where a later will was produced. III. Where the supposed testator was found to be alive. IV. Where a mistake had been made by oversight or accident. V. Where a legatee, whose existence was not known, appeared after decree for distribution, but before actual distribution. VI. Where the court had acted without obtaining jurisdiction of the person, as where a party in interest had not been cited, or where an infant had no guardian. VII. Where an order made had not been entered. VIII. Where any act or proceeding was irregular or void ; or, IX. Where (in the ecclesiastical courts, whence our practice is derived) a conclusion had been arrived at and announced by the court, but the decree was not definitely settled and entered, and the court would still, on due cause shown, " rescind its conclusion."

I. Does this application come under the first of these heads ? The answer to this must be in the negative—no collusion or fraud has been shown or attempted to be shown in the course of the proceedings.

II. Does it come under the fourth of these heads ? Has there been, on the part of the court, any oversight or accident ?

The petitioners propounded their alleged will in due form, and were represented before the surrogate by counsel. I

cannot investigate the competency of counsel, nor decide whether he was able to take care of the interests of his clients. In the contemplation of an officer holding a judicial position, all persons entitled to practice before him must be absolute peers and equals. Nor is there any evidence, indeed, that this counsel was not as able as any member of his profession. Their witnesses did not prove the case, as clearly appears from their evidence. They positively swore that certain requisites which, by statute, are indispensable to the execution of a will, were not complied with. No surrogate or probate judge could have allowed probate upon the testimony of these witnesses.

The petitioners now allege in their petition that these two subscribing witnesses were Germans, not familiar with the English language; that they did not fully understand the questions put to them, and therefore did not testify as to the execution of the paper, " according to the proper and rightful manner of the same," nor in accordance with the facts. They also allege that other witnesses who were present were not permitted to be called ; but that the acting-surrogate peremptorily refused to admit the will, and rejected the same.

The examination appears to have been taken in English, but it does not appear by it that the witnesses were unable to understand or to reply intelligibly to the questions. If they " repeatedly requested to have an interpreter," as one of them, Matty, now swears, the request could not have been made or communicated to the acting-surrogate. If these witnesses were now to be recalled and allowed to give evidence different from, and contradictory of their former testimony, they would scarcely be worthy of credence. They clearly proved then that the will was not duly executed. Nor could other witnesses, according to the rules of evidence in this court, have been called to prove the execution after they had failed.

I am compelled to say, therefore, that I find no traces of any mistake, by oversight or accident, committed by the court.

III. But it is also claimed that the "act or proceeding" purporting to be a decree denying probate was "irregular and void," under the eighth head as above; and it remains to consider whether, in point of law, a "conclusion," only, has been arrived at by the court, which it would be still in my power (see the ninth head) to "rescind." It is claimed that the decree is void, because the officer then holding the Surrogate's Court is not correctly designated in it; and because it is not signed at all, or is signed "C. P. Daly," without the addition of any title of office. It has been insisted by' counsel, on the argument, that the record or minute lying in this office is the original decree, and must be so treated and considered.

With respect to this, the practice has been long and surely settled. The original decree is the paper signed by the presiding officer of this court, written out in a sheet or sheets of paper. The record or minutes, kept in pursuance of the provision of the Revised Statutes (3 *Rev. Stat.*, 5 ed., 365, § 13, subd. 4), is the enrolment of the decree, which should conform to the original decree, and may be made to do so, at any time, on discovery of omission or error, *nunc pro tunc.* In this case, the original decree reads in its caption, " at Surrogate's Court," &c., "Present, Charles P. Daly, first judge of N. Y. Common Pleas, and acting surrogate." This is a designation of office strictly in accordance with the act of July 21, 1853, which directs that where the surrogate is a distinct officer from the county judge, the latter, when acting as surrogate, shall be designated by his official title, with the addition of the words "and acting surrogate." It is of no consequence that the minute or record of the decree, made by the recording clerk, has omitted to give this entire title, and that it is written in the book, "Present, Charles P. Daly, surrogate." The error in copying is amendable, and I shall direct it to be amended.

The signature "C. P. Daly" is upon the original decree. There is no signature to the record or minute of the decree, nor is it ever required. That Judge Daly's designation of

office was not added to his name at the foot of the original decree is also an amendable error, and may be supplied at this time.

It would be strange and difficult if I were unable to take official cognizance of the fact of Judge Daly's holding this court, and discharging, under the statute, the duties of the office of surrogate, during the recent vacancy in it. To disturb or discredit a large body of decrees, orders, minutes, and records, upon slight verbal points, would be an act highly contrary to public policy, and injurious in the highest degree to the general interest.

I must consider the decree as valid; and I cannot find that a decree rejecting a will propounded for probate was ever opened in the practice of this court, though such a decree has been reversed on appeal, and the will ordered admitted to probate. An appeal was the only remedy of these petitioners. Their petition must be dismissed with costs.