Dobke *v.* McClaran.

---

CATHARINE DOBKE and another, *appellants, vs.* ISABELLA McCLARAN and others, *respondets.*

The legislature, by repealing the provision of the revised statutes, declaring that no surrogate shall "under any pretext of incidental power or con‑ structive authority, exercise any jurisdiction whatever, not expressly given by some statute of this state," intended that a surrogate should have the incidental power to open or correct a decree made through fraud or a mistake as to a material fact.

Hence if the surrogate believes a motion to open a previous decree, declaring that a will was not duly executed and attested, is made in good faith, and that it is reasonably probable, from the papers on both sides, that such decree was made under a mistake as to what the witnesses to the will had in fact sworn to, or that the witnesses, from not understanding the ques‑ tions put to them, omitted to state facts material to show the due execu‑ tion of the will, he has power to grant the motion, as incident to his statutory power to take the proofs as to the execution of a will and to admit the same to probate, or otherwise.

APPEAL from an order of the surrogate of the county of New York denying a motion made by the appellants to rescind or open a previous decree of the surrogate, declaring that a certain instrument propounded by the appellants, the executors named therein, as the last will and testament of John Munro, deceased, was not executed and attested accord‑ ing to law, and that it was null and void.    The motion was denied by the surrogate solely on the ground, as stated in the order, that the surrogate had no power to grant the motion, or afford the relief asked for.

---

Dobke *v.* McClaran.

---

*Edmon* and *Benj. J. Blankman,* for the appellants.

*Henry Richardson,* for the respondents.

SUTHERLAND, J. The appeal is only from the order or decree of the 7th of February, denying the appellants' motion to rescind or open the previous decree of the 24th of September, declaring that the will was not executed and attested according to law, and that it was null and void, and to hear further proofs. This last mentioned decree I do not consider to be appealed from. The order of the 7th of February declares on its face, that the motion was denied " on the ground that the surrogate has no power to grant the said motion, nor any part of the relief asked for." We must assume, then, that the motion was denied *solely* on the ground of a want of power.

If the surrogate had *power* to grant the motion, the order should be reversed, though we may think, if the surrogate had considered the motion on its merits, that he probably would have denied it on the merits.

Now after a careful consideration of the question of power, which is not free from difficulty, I am not willing to hold that the surrogate had not power to grant the relief asked for by the motion. I think the surrogate might and should have considered the motion as made substantially upon the ground that the decree of the 24th of September was made under a mistake as to the facts. On this question of power, the facts stated in the petition and affidavits on which the motion was made, must probably be taken to be true. If true, they show that the will was in fact duly executed; that the witnesses to the will are Germans, understanding English imperfectly; that when examined in the proceeding to prove the will, they were examined in English, that is, they were questioned in English; and that they were denied an interpreter. Without referring to the facts stated in the papers on which the motion was made, in detail, I think it may be said that, if true, they show that the witnesses to the will, on their examination in the proceeding to prove the will, may not have stated all

the material facts in relation to the execution of the will, be-cause being questioned in English, they imperfectly under-stood the questions put to them. If the case made by the papers on which the motion was made showed this, I think it showed that the decree of the 24th September, declaring the will not to have been legally executed and attested, *may* have been made under a material mistake as to the facts relating to the execution of the will. If so, I think the surrogate erred in denying the motion solely and exclusively on the ground of want of *power.*

Of course I do not mean to intimate an opinion that the motion should have been granted had it been considered by the surrogate on its merits. Such motions should be viewed with suspicion, and granted with the utmost caution ; but, as I have said before, I am not willing to hold that the surrogate had not power to grant the motion. If he believed the mo-tion to have been made in good faith, and that it was reason-ably probable, from the papers on both sides, that the decree of the 24th of September had been made under a material mistake as to what the witnesses to the will had in fact sworn to, or that the witnesses, from not understanding the ques-tions put to them, omitted to state facts material to show the due execution of the will, I think he had power to grant the motion. I think he had this power as incident to his stat-utory power to take the proofs as to the execution of the will, and to admit it to probate, or otherwise.

I understand Judge Daly in *Brick's case,* (15 *Abbott's Pr.* 36,) to concede that the surrogate may undo what has been done by fraud or under a mistake of fact. (*See also Sipperly* v. *Baucus,* 24 *N. Y. Rep.* 46, *and the cases there cited.*)

I think it is to be inferred that the legislature, by repeal-ing the provision of the revised statutes, declaring that no surrogate should, " under any pretext of incidental power or constructive authority, exercise any jurisdiction whatever not expressly given by some statute of this state," intended that a surrogate should have the incidental power to open or cor-

rect a decree made through fraud or a mistake as to a material fact. (*Laws of* 1837, *p.* 531.) I think such power may be necessary to prevent the greatest injustice.

Of course, the surrogate having denied the appellant's motion *solely* on the ground of a want of power, it is not necessary to inquire whether the respondents' papers in opposition to the motion were an answer to it, or to what extent the statements in the moving papers were contradicted, explained or qualified by them.

In deciding the question presented by this appeal, I think we should look only to the case made by the moving papers, and to the record of the prior proceeding to prove the will.

My conclusion is, that the order of the surrogate appealed from should be reversed.

LEONARD, P. J. The power of revoking letters of administration irregularly and improperly obtained upon false suggestions has been approved on sufficient authority. (*Proctor v. Wanmaker,* 1 *Barb. Ch.* 302.) By a parity of reasoning, if probate was refused by mistake or misapprehension, the decree should be opened and the application reheard. It is within the incidental powers referred to in the cases cited by the counsel for the appellant.

I am unable to find any authority for granting a rehearing in a case before the surrogate when it has been regularly heard and submitted on the merits. There is reason to apprehend that this matter has been submitted and decided under a mistake, where the surrogate would relieve the party if he believed the power existed for him to do so. The authorities in such cases warrant us in holding that the surrogate has the power to open his decree, in his discretion, and rehear the question on the merits. (1 *Barb. Ch. Rep.* 452 ; *Id.* 302.)

I concur in reversing the order appealed from.

CLERKE, J. also concurred.           Order reversed.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]