Van Brunt, J.
This motion can be conveniently divided into three branches :
1st. The motion of the plaintiff for an extra allowance based upon his recovery.
*34 2nd. The motion of the defendants for an extra allowance based upon their recovery.
3rd. The motion for an allowance based upon the defeat of the counter-claim of the city. It does not require any argument to show that the plaintiff is entitled to an allowance upon the amount of the recovery had by him. The case was certainly difficult and extraordinary within the meaning of section 309 of the Code of Procedure.
The motion of the defendants for an extra allowance upon the amount of their respective recoveries presents a more serious question.
The brief submitted by their counsel seems to concede that if these defendants are not entitled to costs against their co-defendant they cannot claim an extra allowance. This seems to me to be a correct view, because section 309 provides for a “further allowance to any party.” It is to be a further allowance, one which is to be added to some other allowance to which the party is entitled under previous sections of the Code.
It will be perceived that the words “to any party,” are used to distinguish this allowance from those referred to under section 308.
The language of section 308 is, “In addition to these allowances,” referring to the costs mentioned in section 307, “ there shall be allowed to the plaintiff” certain sums. But the further allowance in section 309 is to be allowed to any party, thus allowing a defendant, if entitled to an allowance by way of costs, to have the benefit of the provision for an extra allowance under section 309, which he does not enjoy under section 308.
The real question then is, can a defendant who succeeds and obtains a judgment against a co-defendant, recover costs in an action at law.
Section 303 of the Code abolishes all statutes estab *35 lishing or regulating the costs or fees of attorneys, and provides for certain allowances, as it calls them, to the “ prevailing party.”
Section 304 provides that costs shall be allowed of course to the plaintiff upon a recovery in several cases, among which is “In an action for the recovery of money,” which is this casé, “where the plaintiff shall-recover fifty dollars.”
Section 305 provides that costs shall be allowed of . course to the defendant in the actions mentioned in section 304, unless the plaintiff be entitled to costs therein. Thus it seems to me clear that although a defendant may be a prevailing party as against a co-defendant, yet there is no provision of the Code which authorizes him to claim costs, if the plaintiff is entitled to costs, because no defendant is entitled to costs, if the plaintiff has his costs. The language is, “Costs shall be allowed to the defendant” unless the plaintiff be entitled to costs. Therefore, if I am correct in the view that I have taken of section 309, that the allowance there mentioned is in addition to costs, the defendants, not being entitled to costs, cannot have the benefit of the provisions of that section.
It is claimed that under section 309 the court has power to make the allowance on the amount of the recovery or claim or subject matter involved, and that the amount of the recovery or claim and subject matter involved is the aggregate amount of all the recoveries.
In consequence of the manner in which the plaintiff brought this action, the whole subject matter involved was the amount of his recovery. Under section 119 he might have brought an action for the benefit of all the owners of the Hackley contract, and if he had done so, he would have been entitled to enter judgment for the whole sum, leaving the distribution among the parties entitled to future action ; and it is truly said that if he had recovered the whole he might have had an allow *36 anee upon the whole, and it would have come to the same thing as. to give to each successful party an allowance upon the amount oí his recovery. But the difficulty is that for some reason best known to himself he did not choose to bring his action in that form. He chose to involve in that litigation only his own interest in that contract, and his recovery has been limited to that.
The parties jointly interested with the plaintiff in that contract having refused to unite with him in bringing that action, and thus become plaintiffs and actors, and subject to the risks to which they would be exposed in case of defeat and having succeeded, cannot now claim the same advantages which would have accrued to them had they been actors in this, action.
If the defendants, the city, had succeeded in this action, and had come to this court for an extra allowance as against the plaintiff, I am sure that he would have urged strenously that the subject matter involved was only the amount of damages claimed by him in his complaint, and that he should not be made to suffer because defendants had made claims against the city under the same contract, which had also been defeated.
There is another view to be taken of the language of that section, which is equally fatal to this claim.
The language of the Code is, the court may also make a further allowance to any party upon the amount of the recovery or claim, or subject matter involved. It is very evident from this language that the words “recovery or claim,” are not synonymous with, nor intended to be used in the same or kindred sense with, the words “ subject matter involved,” but that the latter are intended to give the benefits of the provision for an extra allowance to a class of cases in which the recovery or claim would give no data whatever upon which to fix an allowance. The words “ subject matter involved” refer to those cases in which the subject *37 matter involved in. the action has a material existence : as, in the case of ejectment, the real estate sought to be recover; In replevin, the personal property sought to be recovered, the title to which is disputed. In cases of this description a judgment adjudging the title of the property to be in the plaintiff, which would be the recovery or claim, would afford no basis whatever upon which to fix an allowance, and consequently, it was provided that in such cases an allowance might be fixed upon the amount of the subject matter involved.*
We now come to the third branch of the case, and that is, can plaintiff have an allowance on the amount of the counter-claim interposed by the defendants, the mayor, &c., and which he has succeeded in defeating.
It is argued on the part of the defendant, the mayor, &c., that this counter-claim was improperly before the court, that it was put in without the consent or knowledge of the counsel to the corporation, who was the attorney of record.
It appears to me that it must be held that the counsel who has the charge of the trial of the case has the authority of the attorney of record, to make any motion which may appear to him necessary in the trial of the cause, to sign any stipulation, or to do any other act in the name of such attorney which in his judgment will benefit the cause of his client. If this is not the case, it would be impossible to proceed with the trial of any cause in the absence of the attorney of record. We must, I think, therefore assume that this counter-claim must treated in the same manner as though it had been put in by the corporation counsel himself.
Upon what theory can the plaintiff claim an allowance because of the defeat of his counter-claim. By % 309 his allowance is limited by his recovery or claim.
His recovery was the sum of forty-four thousand *38 and eighty-two dollars and eighty cents, and that only, and in establishing his claim, to that extent he of necessity defeated the counter-claim. The counterclaim was founded upon the same contract for a breach of which the action was brought,—the city claiming that the contract was broken by the representatives of Hackley and not by themselves. The plaintiff claimed, and was compelled to establish, in order to succeed upon the cause of action alleged in his complaint, that such was not the case, that the representatives of Hackley had performed all the conditions of the contract upon their part, and that the city was in default. In such a case as this I can find no authority in section 309 for the granting an allowance based upon the defeat of that counter-claim.
The case is one which has been difficult and extraordinary. The time has been more than ordinarily protracted. The preparation has required a great amount of time and expense; but however much I might feel inclined to grant a more liberal allowance if I had the power, I feel that I cannot for the reasons stated grant a.larger allowance that five per cent, upon the plaintiff’s recovery.

 Compare Burke v. Candee, 63 Barb., 552.