DECKER *et al.*, executors, etc., appellants, v. ELWOOD, surviving executor, etc.

*Executors — final accounting — opening decree upon.*

A surrogate, upon a petition, made an order directing that the final accounting of executors and decree of distribution be opened for correction of such alleged errors as appeared upon the face thereof. *Held,* that the surrogate was vested with power to make such an order.

The opening of the decree of a surrogate formally and lawfully made should be done only in extraordinary cases and where errors are plain, palpable and beyond any question.

APPEAL from the decree of the late district attorney of Delaware county, acting as surrogate — opening the former decree upon an accounting and final settlement, and for the distribution of the estate of Hezekiah Elwood, deceased, and from the new decree of said late acting surrogate, wherein it was, in substance, among other things, decreed, that said Gritman Elwood, then deceased, but who, at the first accounting and decree aforesaid, was an executor of said Hezekiah Elwood, and his co-executor, William H. Elwood (the respondent), had in their hands, at said former accounting and decree, $2,146.41, belonging to said estate, which was not accounted for, and said estate of Hezekiah Elwood received no credit (specifying the alleged items constituting the sum total aforesaid), and that said $2,146.41 be paid by the executors as of August 12, 1867, and that $294.66 of it be retained by said William H. Elwood, the petitioner, to wit: $216 for his expenses and disbursements in the proceeding, and $78.66 for commissions on said $2,146.41 (the same being full commissions). The executors had before been allowed commissions on more than $31,000. No costs or disbursements were allowed to the appellants.

The petition to the surrogate specified certain items as erroneous, and upon the hearing an order was made, which recited that an order had been made to show cause why the decree of distribution should not be opened to examine certain alleged errors and mistakes specified in the petition and correct the same, and directed that the accounting and decree be opened for the correction of such alleged errors as appeared and were manifest upon the face thereof, if any were there found. Also, for the investigation and correction

only of such alleged errors as are set forth in the petition which do not fall within any of the subdivisions of section 65, title 3, chapter 6, part 2 of the Revised Statutes, 2 R. S. 94; (3 R. S., 5th ed., 181), § 71, and that no further proof be allowed.

The executors of Gritman Elwood, George A. Decker and Elijah A. Olmstead, appealed from the surrogate's decree.

*Wm. Gleason,* for appellants.

*Ferris Jacobs, Jr.,* for respondents.

MILLER, P. J. The first point to be considered upon this appeal is as to the jurisdiction of the surrogate to open the decree on a prior accounting in the manner or to the extent which was done. I am inclined to think that the surrogate was vested with such a power. It has been thus held in numerous cases, and I am not prepared to say, that under the facts presented, he exceeded his authority in making the order which was granted, confining and limiting the accounting to the correction of alleged errors and mistakes which were specified and which were apparent. See *Pew* v. *Hastings,* 1 Barb. Ch. 452; *Proctor* v. *Wanmaker,* id. 302; *Sipperly* v. *Baucus,* 24 N. Y. 48; *Dobke* v. *McClaran,* 41 Barb. 493.

[After a discussion in respect to the various items of the account passed upon, which is not believed to be of sufficient general interest to warrant publication, the opinion continues as follows:]

The opening of the decree of a surrogate formally and lawfully made is always a matter of extreme delicacy, and requires the exercise of the soundest discretion. It should only be done in extraordinary cases, and where errors are plain, palpable and beyond any question. The greatest care and caution should at all times be observed in thus furnishing the opportunity to correct errors in the judgment of a competent tribunal, and it should never be done to the extent of allowing the whole subject-matter to be investigated and tried over again. Such a practice would be virtually permitting the same tribunal to review its own proceedings, the same as upon an appeal, which was never intended, and should not be tolerated. If the opposite party, as well as the petitioner, upon the hearing, desires the correction of certain errors, he should specify the same, so that they can be provided for in the order. The investigation should not go beyond this, and must be restricted to the provisions of the order.   *   *   *

The decree must be modified in the particulars indicated, and the proceedings should be sent back to the surrogate with directions to proceed and restate the account in accordance with the views expressed, and allow costs and disbursements to both parties out of the estate. The costs of both parties to this appeal should also be paid out of the estate.

*Ordered accordingly.*