Bollins, S.
The fourth account of the executors and trustees of this estate was settled by a decree entered April 30, 1880, and the fifth by a decree entered on June 29,1885. The former sanctioned the retention by the accounting parties of the sum of $9,339.59 as compensation to which, under the testator’s will, they had become entitled for their services. The latter sanctioned, a similar retention for a like cause of the sum of $10,506.66.
None of the parties interested in the estate made any objections to thesecredits.
Upon the sixth accounting of the executors and trustees, which went into decree on December 6, 1886, their claim to compensation was challenged and was in part disallowed.
I am now asked to “correct ” the decree of 1880 and 1885, upon the ground that the sums therein allowed the executors for their services were in excess of the sums to which they would have been found entitled, upon application of the tests established by the referee and the surrogate upon the sixth accounting.
The executors have asked and obtained leave to resign and have now filed an account of their management of the estate since October 25, 1885, wherein they claim commissions in the sum of about $4,000.
*734 It is insisted that, without formally opening or setting aside either of the decrees complained of, the alleged over-payments may be rectified by a present disallowance of commissions in an amount equal to such over payment. In my memorandum of August 14, 1886, I intimated that if the executors, who had theretofore asked to be allowed commissions on certain transactions covered by previous accountings upon the ground that they had not retained all that they were entitled to claim, were correct in their contention, the relief prayed for might be granted, even without opening the decrees by which the former accounts had been settled; and this, because in view of the special directions of the will regarding their commissions, whereby they were permitted to retain them “from time to time,” the allowance of such retentions as were sanctioned by those decrees could not be taken as an adjudication that the sum retained was all to which the accounting parties were entitled.
It by no means follows that a disallowance of any sums heretofore withheld, the withholding of which has been approved by the surrogate, can now be lawfully effected, - until the decrees adjudicating that approval shall have first beep opened or vacated.
Now, the moving party herein has not made out a case which will justly any interference with either of the decrees that he assails. The surrogate has authority under subdivision 6 of section 2481 of the Code of Civil Procedure, to “open, vacate, modify or set aside a decree or order of his court.” But the powers thus conferred, the section proceeds to say, “ must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers.”
There is no proof that the provisions sought to be corrected, even assuming them to be erroneous, were fraudulently or collusively inserted, or, are the result of clerical errors, accident or irregularity, or that failure to object to their inclusion in the decrees was due to the excusable negligence of the party now claiming to be prejudiced. His con tention simply amounts to this: That the compensation allowed the executors on the fourth and fifth accountings was allowed upon an erroneous theory of law. This will not suffice. Yale v. Baker, 2 Hun, 468; Dorke v. McClaran, 41 Barb., 491; Decker v. Elwood, 3 T. & C., 48; Sipperly v. Baucus, 24 N. Y., 46; Melcher v. Stevens, 1 Dem., 123; Munroe’s Estate, 15 Abb. Pr., 363; Brick’s Estate, 13 Abb. Pr., 12, 36; Matter of Tilden, 98 N. Y., 434; Wright’s Accounting, 10 Abb Pr. (N. S.), 429; Story v. Dayton, 22 Hun, 450; Singer v Hawley, 3 Dem., 571, *735 Matter of Hawley, 100 N. Y., 206; Farmers Loan and Trust Co. v. Hill, 4 Dem., 41.
The application must, therefore, be denied.