Spriggs' Estate.

# IN THE MATTER OF THE ESTATE OF THOS. SPRIGGS.

20  121,
108  338

20  121
134  337

An order for the sale of real property of an intestate, made by the Probate Court after notice to all the parties interested, in the manner required by the statute, and after examination of the proofs presented, is an adjudication that the sale of the property described is necessary, and unless appealed from, is conclusive and binding upon the administrator, and upon all parties interested in the estate.

The proceeding for the sale of the real estate of an intestate is in the nature of an action, of which the presentation of the petition is the commencement, and the order of sale is the judgment. This judgment cannot be obviated, nor can its efficacy be impaired, by the fact that it may subsequently appear that too low an estimate was placed by the Court upon the value of the property ordered to be sold, or as to the price it would probably bring.

The provisions of the statute allowing objections to be made to the sale, and requiring for its efficacy a confirmation by the Court, are only intended to secure such an execution of the order of sale that a just and fair price may be obtained for the property for the benefit of the estate. The authority of the Court is limited to such a supervision and control that this end may be effected.

It is the better practice for the Court, in all cases where there are several distinct parcels of property, to insert in its order a direction that the sale cease when the amount required has been obtained; but the omission of such a direction does not invalidate the order or the sales made in pursuance of it.

APPEAL from the Probate Court of Sonoma county.

This is an appeal from an order of the Probate Court of Sonoma county refusing to confirm a sale of a parcel of real estate made by the administrator. On the seventh of October, 1861, the Court made an order directing the administrator to sell at public auction seven different parcels of land, a separate and particular description of each parcel being contained in the order. The order recited that the object of the sale was to pay the debts of the estate and the expenses of administration, and stated the amount of these debts and expenses, but contained no direction that the administrator should sell only sufficient to pay this amount, or that he should do otherwise than sell each of the parcels described. It was conceded that all the statutory provisions respecting the preliminary steps necessary to be taken in procuring the order were complied with. The petition filed by the administrator to obtain the order stated, among other things, the amount of the debts and expenses, and the estimated value of each of the parcels of land as fixed by

9

the appraisers, and prayed for the sale of the whole, or so much as might be necessary to pay the debts and expenses.

The administrator, in obedience to the order, sold all of the property at auction for cash, selling each of the parcels separately in the succession in which they were described in the order of sale. The first parcel sold brought more than sufficient to pay the estimated amount of debts and expenses. The appellant was the purchaser at the sale of the second parcel. The administrator reported the sales to the Court, and asked that each be confirmed. The Court expressly found upon the evidence adduced before it, that the sales were legally made and fairly conducted, and that due proof was made to its satisfaction; that the price for each parcel was proportionate to its value, and that a sum exceeding the bids upon either parcel ten per cent., exclusive of the expenses of a new sale, could not be obtained. It then made an order confirming the sale of the first parcel, and refusing to confirm the sale of either of the others, upon the ground that the amount realized from the sale of the first being sufficient to pay the debts and expenses as estimated, the administrator should have sold no more than that parcel.

To this order the appellant excepted, and from it appeals.

*W. W. Stow*, for Appellant.

The sale made to appellant by the administrator was authorized by the order of sale, and the Court could not refuse to confirm it except for the statutory reasons. (*Pullam et al.* v. *Boyd et al.*, 2 Strob. Eq. R. 139.)

The case of *Wells* v. *Mills* (22 Texas) has no application, as there the order was to sell sufficient of the real estate to realize a certain sum, and of course as the power to sell depended solely upon the order, the power ceased when the parcel first sold realized that sum. Here the order was to sell seven distinct parcels to the highest bidder for cash. Sales upon executions do not bear any analogy, because the power to sell is to satisfy the judgment, and the instant that amount is bid for one parcel, the judgment is paid and the authority of the officer gone.

*J. Temple*, for Respondent.

I.   The petition for the sale asking only to sell so much of the real estate ·as would realize a certain sum, the Court had no authority to order or to confirm a sale of more than was necessary for that purpose.

II.   The statute only authorizing a sale of real estate by administrators for the purpose of paying debts and charges of administration, any attempt to sell more than appears to be necessary ousts the Court of jurisdiction and renders its acts void.

Of course, we do not contend that the real estate sold should realize just enough for these purposes and no more; but the Court should keep in view the object to be accomplished by the sale, and where, as in the present instance, different tracts are sold separately, in case the first tract sold realizes a sufficient amount of money, the power of the Court is exhausted and the administrator should stop the sale.

III.   Even if it would have been within the jurisdiction and power of the Court to have confirmed all the sales, and the titles derived under the same would have been valid, yet the Court exercised a legal and proper discretion on the subject.

It is true that each of the tracts sold brought a fair price, but the Court having heard all the testimony and knowing well the situation of the property, confirmed that sale which was most advantageous to the estate.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

The petition of the administrator in this case was presented to the Probate Judge before the amendments of 1861 to the Act to Regulate the Settlement of the Estates of Deceased Persons took effect.   The subsequent proceedings were taken under the act as amended.   In stating the purport of the provisions of the original or amended act, we shall confine ourselves to such as bear upon the case before us.   The deceased did not leave any family, and of course, there was no question as to any allowance; nor did he leave any heirs.

The statute provides that when the personal estate in the hands of the administrator is insufficient to pay the debts of the deceased

and the charges of the administration, the administrator may sell the real estate for that purpose, upon the order of the Probate Judge. (Sec. 154.) To obtain such order, the administrator is required to present a petition to the Probate Court, verified by his oath, setting forth the amount of the personal estate which has come into his hands, and the amount of any remaining undisposed of, the debts against the deceased so far as they can be ascertained, a description of all the real estate of which the intestate died seized, and the condition and value of the respective portions and lots. (Sec. 155.) If, upon such petition, it appears that it is necessary to sell the whole or some portion of the real estate for the purposes mentioned, the Probate Judge is required to make an order directing all persons interested to appear before the Court at a specified time and place, to show cause why an order shall not be granted to the administrator to sell so much of the real estate as may be necessary. (Sec. 156 as amended in 1861.) A copy of the order to show cause must be served on all persons interested in the estate, at least ten days before the time appointed for hearing the petition, or published in some newspaper for four successive weeks, unless the persons interested assent to the sale, in which case the notice may be dispensed with. (Sec. 157 as amended.) Upon the return of the order, and upon proof of its service or publication, the Court is required to proceed and hear the allegations and proofs of the petitioner and of parties interested who may oppose the application; and if satisfied that a sale of the whole or some portion of the real estate is necessary, or if the sale be assented to by all the persons interested, an order is to be entered authorizing the administrator " to sell the whole or so much and such parts of the real estate described in the petition as the Court shall judge necessary or beneficial." (Secs. 158 and 162 as amended.) And such order must specify the lands to be sold and the terms of sale. (Sec. 163.)

The order thus made, after notice to all parties interested, and after examination of the proofs presented, is an adjudication of the Court that the sale of the property described is necessary. From this order the administrator, and any person interested in the estate may appeal, but unless an appeal be taken, the order is conclusive and binding upon them. The proceeding for the sale of the real

estate of an intestate is in the nature of an action, of which the presentation of the petition is the commencement, and the order of sale is the judgment. This judgment cannot be obviated, nor can its efficacy be impaired, by the fact that it may subsequently appear that too low an estimate was placed by the Court upon the value of the property ordered to be sold, or as to the price it would probably bring. In California it is no uncommon thing for great changes in the value of property to occur within a few weeks—between the time at which the estimate might be made and the sale take place. It is true, it would be the better practice for the Court in all cases, where there are several distinct parcels of property, to insert in its order a direction that the sale cease when the amount required has been obtained; but the omission of such a direction cannot invalidate the order or the sales made in pursuance of it.

The provisions of the statute allowing objections to be made to the sale, and requiring for its efficacy a confirmation by the Court, are only intended to secure such an execution of the order of sale that a just and fair price may be obtained for the property for the benefit of the estate. The authority of the Court is limited to such a supervision and control that this end may be effected. " If it appear to the Court," says the statute, " that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold,   *   *   the Court shall make an order confirming the sale, and directing conveyances to be executed." (Sec. 171.)

These views dispose of the merits of the appeal in the present case. The order of sale was made upon due notice and consideration; it designates the property to be sold by specific description; the Court finds expressly that the sale of each parcel " was legally made and fairly conducted;" and that due proof was made to its satisfaction that the price was proportionate to the value of the property, and that a sum exceeding the bid of the appellant ten per cent., exclusive of the expenses of a new sale, could not be obtained. (Secs. 169 and 171.) Upon its own finding, the order of sale being unvacated and not appealed from, it only remained to confirm the sale, even if it be admitted that the Court erred in directing too large an amount of the property to be sold.

So much of the order of the Probate Court as sets aside the sale ·of the second parcel to the appellant must be reversed, and that Court directed to confirm the sale of that parcel, and to order the administrator to execute a conveyance to him of the same, after the payment of the balance of the purchase money; and it is so ordered. No costs will be allowed to either the appellant or the administrator, as against each other on this appeal.