## BRYANT and WIFE *vs*. HORN, Ex'r.

[PROBATE COURT—JURISDICTION.]

1. *Probate court ; jurisdiction of, over its orders and decrees.*—An executor, in 1860, made a partial settlement before the probate court, and a decree rendered in favor of the legatees, for the amounts set apart for them ; for cause, the court ordered the share of one of the legatees to be retained by the executor, subject to the future order of the court ; in 1864 the executor made a final settlement of his administration upon the estate, and at the same time filed his resignation as executor ; in 1867 this legatee made a motion to the probate court to revive and amend the decree of partial distribution of 1860,—*held*, that after the final settlement, the jurisdiction of the probate court ceased, and that the party's remedy, if he had any, was in chancery.

APPEAL from the Probate Court of Marengo.

THIS was· a proceeding by petition to the probate court of Marengo, on the part of the appellants, to amend and revive a decree of said court, made at the May term, 1860,

on a partial settlement of the estate of John Horn, deceased, by John A. C. Horn, the executor, (appellee in this court.) The petition was duly sworn to, and was filed on the 8th April, 1867.

The facts of the case are sufficiently stated in the opinion of the court.

MORGAN & LAPSLEY, for appellants.
S. J. CUMMINGS, *contra.*

BYRD, J.—1. It appears, from the record, that appellee, as executor, made a partial settlement of his administration of the estate of his testator, in the probate court at the May term, 1860; and there being an amount of pecuniary assets in the hands of the executor, as shown in his account, the court rendered a decree distributing the same between certain distributees of the estate and legatees under the will. An amount was ascertained, by the decree, to be the share of Mrs. Bryan, one of the appellants and one of the distributees and legatees, who was then married to her present husband. But the decree required the executor to hold her share of the money subject to the further order and decree of the court, to be made on the determination of a certain chancery suit then pending between the appellants. It further appears that the executor, in 1864, made a final settlement of his administration upon the estate, and at the same time filed his resignation as executor, which was ordered by the court to be filed and recorded.

Although all partial settlements may be held to be merged in the final one, yet a decree of partial distribution may not be merged in a decree on the final settlement of the administration. But the probate court *may*, on such final settlement, correct any error which may have occurred on the partial distribution, so as to equalize the shares of distributees. The mere ascertainment of an amount as the share of a distributee on such partial distribution, which is ordered to be held by the executor, subject to a future order of the court, is not a decree of distribution as to such distributee which is final in its charac-

ter; and on a final settlement of the administration of the executor, the court had jurisdiction over the fund, and could have required the executor to pay it over to the distributee or to the administrator *de bonis non*, to be held by him, subject to the future order of the court, if the chancery suit was still pending. In such a case as this, the executor held the money under the order of the court, and not absolutely for the distributee.

2. The power of the probate court over its proceedings and decrees, is settled in the case of *Alexander, Adm'r, v. Nelson, in* MSS., *at present term;* also, in *Modawell v. Holmes, in* MSS., *decided June* 7, 1867, *and by the authorities cited in those cases; Watt's Adm'r v. Watt's Distributees,* 37 Ala. 543. Whether the court did or did not include the amount ascertained on the partial distribution, in the amount with which the executor was charged on the final settlement, and whether it did or did not make any order in reference thereto, still the court having the jurisdiction to do so, it has no further jurisdiction over the same after a final settlement of the administration of the executor and his resignation.—*Hearne's Adm'r v. Harrison and Wife,* 9 Ala. 731; *Sankey's Distributees v. Sankey's Administrator,* 18 Ala. 713; *Rhodes v. Turner et ux,* 21 Ala. 210.

3. The remedy of appellants, if they have any, is in another tribunal, where all the matters in controversy between the parties can be more appropriately disposed of and adjusted.

The court had no jurisdiction of the motion of appellants, upon the matters disclosed by the record, and the decree of the probate court is reversed, and a decree must be here rendered dismissing the motion of appellants in the probate court at their costs, and they must pay the costs of this court.

Reversed and decree rendered.