[L. A. No. 1279. Department One.—December 29, 1902.]

In the Matter of the Estate of MICHEL LEONIS, Deceased. MANUEL ANDRADA, Appellant, v. FRANK M. KELSEY, Administrator, IRMA LEONIS, and MARIE LEONIS, Respondents.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—ORDER REFUSING CONFIRMATION—APPEAL.—An order refusing confirmation of a sale of the real property of a deceased person and refusing to hear evidence thereon is in effect "an order against directing the sale or conveyance of real estate," within the meaning of section 963 of the Code of Civil Procedure, and is appealable.

ID.—JURISDICTION TO VACATE SALE—LIMITATION OF POWER.—The court has no power to vacate the sale other than that conferred by section 1552 of the Code of Civil Procedure, which permits it to order a new sale when a proper showing is made, as provided in that section.

ID.—CONCLUSIVENESS· OF ORDER OF SALE—VOID VACATING ORDER.—The order of sale, if not appealed from, is conclusive upon the heirs; and constructive notice thereof binds the whole world. An order vacating the order of sale, upon motion of the heirs for want of actual notice to them, and on the ground that it was not necessary for the payment of debts, as adjudged by the court,—the order remaining supported by an unassailed finding that the sale was for the best interest of the estate,—is unauthorized and void.

APPEAL from an order of the Superior Court of Los Angeles County refusing to confirm a sale of real estate. Lucien Shaw, Judge.

The facts are stated in the opinion.

Dunnigan & Dunnigan, for Appellant.

Flint & Barker, and Haas & Garrett, for Respondents.

COOPER, C.—Michel Leonis died in July, 1898, and in December of the same year one Kelsey was appointed administrator of the estate, and letters of administration were duly issued to him. In November, 1901, the administrator duly filed his verified petition for the sale of the real estate of deceased, in which it was alleged that it was necessary to sell the whole thereof to pay the debts, expenses, and charges of administration, and that it would be for the advantage, benefit, and best interests of the estate and those interested therein to sell the whole of the said real estate.

After due notice, and on the tenth day of December, 1901, the court found all the allegations of the petition to be true, and made an order directing a sale of the real estate as prayed for in the petition.

The administrator gave due and proper notice of sale, and' the bid of Andrada, the appellant, being the highest and best bid, was, on January 25, 1902, accepted, and the property was sold to him, subject to confirmation by the court. The administrator duly filed his verified return, asking that the sale be confirmed to appellant. The hearing of the return of sale was fixed for February 12, 1902, due and proper notice given,

and on said last-named day the matter was continued to
March 5th. On the last-named date Irma and Marie Leonis,
two of the heirs of deceased, appeared, by their attorneys, and
objected to the confirmation of the sale to appellant, upon the
ground, among others, that the sum bid was inadequate and
disproportionate to the value of the property. The attorneys
for appellant appeared and asked to be heard, and that the
court proceed to a hearing as to said sale and the objections
to the confirmation thereof. The court thereupon continued
the hearing to March 12, 1902. Prior to the latter date, the
attorneys for said Irma and Marie Leonis gave notice that on
said date they would move the court for an order vacating
and setting aside the order of sale, upon the ground that they
had no knowledge of the filing or granting of said petition
for sale prior to the granting of the order; that the same was
taken against them through their inadvertence, surprise, and
excusable neglect; that there was not any necessity for making
the said order for the purpose of paying debts and expenses;
and that the sale of the said property was not for the best
interests of the estate and those interested therein. The notice
stated that the motion would be made upon the papers and
files and the affidavit of Walter F. Haas. The court there-
upon declined and refused to hear any evidence upon the
return of sale, and refused to confirm the sale to appellant,
but heard the motion to vacate and set aside the order of sale,
and upon the record and the affidavit of said Haas, on March
15, 1902, made an order vacating and setting aside the order
of sale. This appeal is from the order refusing and denying
a confirmation of sale to appellant, and from the order vacat-
ing and setting aside the order of sale. It is claimed that the
order setting aside the order of sale is not an appealable
order, and therefore cannot be considered. We do not think
it necessary to determine as to whether or not the order is
appealable, as the main question is as to the order of the
court refusing to confirm the sale or to hear any evidence in
relation to the same. If it be conceded that the order setting
aside the order of sale, standing alone, would not be appeal-
able, we may regard that part of the order as void, as the
effect of the order as a whole was against the sale or convey-
ance of the property to the purchaser. It is provided in the
Code of Civil Procedure (sec. 963) that an appeal lies from

an order in probate proceedings "against or in favor of directing the partition, sale, or conveyance of real property." We think the order refusing to hear evidence or to confirm the sale is in effect an order against directing the sale or conveyance of real estate, and appealable. It comes within the language of the statute, according to its fair and liberal meaning. (*Estate of Corwin,* 61 Cal. 160; *In re McConnell,* 74 Cal. 217.) The conveyance could not be made without an order of court confirming the sale and directing such conveyance. The court had long before made the order of sale. The time for appealing from this order had expired. (Code Civ. Proc., sec. 1715.) The appellant had become the purchaser of the property subject to the supervision of the court, and certainly had rights which could not be lightly thrown aside or disregarded. He was responsible for the amount of his bid, and might have been compelled to stand by it. Even if the property had depreciated or become valueless after the bid and before the confirmation, this would not relieve him; and while he had assumed certain obligations as a purchaser, he obtained certain legal rights which are to be as much protected and enforced as the rights of other persons. He became entitled to have the sale confirmed, if there was no valid reason within the law why it should not have been. (*Dunn v. Dunn,* 137 Cal. 51.)

It is provided in the Code of Civil Procedure (sec. 1552): "Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum exceeding such bid at least ten per cent exclusive of a new sale may be obtained, the court may vacate the sale and direct another to be had."

The above is the only provision of the code to which our attention has been called which authorizes the court to vacate the sale. The court must examine the return and witnesses, and before the sale can be set aside it must appear that a sum exceeding such bid at least ten per cent may be obtained. The words, "exclusive of a new sale," appear meaningless. Evidently by mistake, the words, "the expenses of," which were in the old section, were left out of the section when amended in March, 1891. In addition to the fact that it must appear that a sum exceeding such bid at least ten per cent

may be obtained, it must also appear either that the proceedings were unfair, or that the sum bid was disproportionate to the value. "Disproportionate to the value" means disproportionate to the value at the time of the bid. It would not be sufficient for the court to merely find that a sum exceeding the bid ten per cent may be obtained, but it must also find that the bid at the time it was made was disproportionate to the value, or that the proceedings were unfair. The meaning of "proceedings unfair" is evidently that some irregularity as to the notice, or fraud or collusion among bidders occurred. In the case at bar no witnesses were examined, and none of the things named in the statute as a reason for vacating the sale were proven or admitted. The case of *Spriggs's Estate,* 20 Cal. 121, in its reasoning supports the conclusion we have reached. There the court ordered several separate parcels of land sold, in the order named, for the payment of the debts and expenses. The first parcel brought more than sufficient to pay the debts and expenses. The appellant was the purchaser of the second parcel. The administrator reported the sales to the court and asked that each be confirmed. The court found that the sales were each legally made and fairly conducted, and that the price was proportionate to the value, and that a sum exceeding such bid, in each case, ten per cent could not be obtained. It then made an order confirming the sale as to the first parcel, and refused to confirm it as to the second, upon the ground that the amount realized from the sale of the first parcel was sufficient to pay the debts and expenses of administration. This court, in an opinion written by Mr. Justice Field, reversed the order and directed the court to confirm the sale to appellant. In the opinion the learned judge said: "The order thus made, after notice to all parties interested, and after examination of the proofs presented, is an adjudication of the court that the sale of the property described is necessary. From this order the *administrator* and any person interested in the estate may appeal, but unless an appeal be taken the order is conclusive and binding upon them. The proceeding for the sale of the real estate of the intestate is in the nature of an action, of which the presentation of the petition is the commencement and the order of sale is the judgment. This judgment cannot be obviated, nor can its efficacy be impaired by the fact that it may subsequently

appear that too low an estimate was placed by the court upon the value of the property ordered to be sold or as to the price it would probably bring. . . . The provisions of the statute allowing objections to be made to the sale, and requiring for its efficacy a confirmation by the court, are only intended to secure such an execution of the order of sale that a just and fair price may be obtained for the property for the benefit of the estate. The authority of the court is limited to such a supervision and control that this end may be effected.''

In the case at bar the heirs and other persons interested have the right to show any of the facts enumerated in the statute as a reason why the sale should not be confirmed. If the amount of appellant's bid is disproportionate to the value of the property, and a sum exceeding such bid at least ten per cent can be obtained, the court will not confirm the sale. In this way the rights and interests of the estate will be protected. In this way the rights of the appellant, under his bid, will be duly guarded, and only molested in the manner pointed out in the statute.

It is said by Wœrner in American Law of Administration (2d ed., vol. 1, p. 332), in speaking of the conclusiveness of decrees of the probate courts: ''But in the absence of statutory grant of power to open orders and decrees, or to grant rehearing to litigants, they have no power to revise their decisions on the ground of error, either of law or fact.''

In *Brick's Estate,* 15 Abb. Pr. 36, this whole question is thoroughly and exhaustively discussed by Judge Daly, and it is said: ''But when, as in this case, all the parties in interest have been represented at the hearing, and the court has given its final sentence or decree, I know of no authority showing that those courts have ever exercised the general power of opening and reversing it again, upon the ground that they had erred as to the law, or had decided erroneously upon the facts.''

To the same effect, see *Johnson* v. *Johnson,* 26 Ohio St. 357, where it was held that a probate court could not vacate or modify its order previously made in the settlement of an account; *Wolf* v. *Banks,* 41 Ark. 104, where the same ruling was made, and it was said, ''The probate court had no power at the May term to set aside the judgment of allowance rendered by it at the previous November term, and the order

setting it aside was null and void"; *Bryant* v. *Horn,* 42 Ala.
496, where it was held that a probate court could not revise
and amend a decree of distribution. And to the same effect
see *Hitchcock* v. *Judge of Probate Court,* 99 Mich. 128;
*Leavins* v. *Ewins,* 67 Vt. 256; *State* v. *Probate Court,* 33
Minn. 94; *State* v. *Probate Court,* 19 Minn. 117. In the latter
case it was held that after the confirmation of the sale of real
estate in a proceeding in which the court had jurisdiction,
the court could not review its action and set aside the order of
sale. It is needless to multiply authorities. If the court in a
case like this could set aside its order there would be no end
to the matter. It might continue, time and time again, to
make orders and set them aside. If the order of sale could be
set aside outside of the method provided by statute, in dis-
regard of the rights of the purchaser after a sale, it could be
done after a confirmation. It might, on the same principle,
be set aside after a deed of conveyance had been made. If
the order of sale is regularly made, and the court has juris-
diction, and it has not been appealed from, it is binding upon
all.

It is claimed that the court had the power to relieve the
heirs from the order under the Code of Civil Procedure
(sec. 473), which provides that the court may relieve a party
"from a judgment, order, or other proceeding, taken against
him through his mistake, inadvertence, surprise, or excusable
neglect." If it be conceded that the above statute applies to
a case like this, the showing was not sufficient to justify the
order of the court. The main claim, as stated in the affidavit,
was, that the heirs had no notice or knowledge of the "filing
or granting of the petition for sale of real estate." The heirs
had notice. The estate had been long pending in court. The
statutory mode of acquiring jurisdiction was followed. The
court acquired jurisdiction, and, although the notice was
constructive, it was none the less binding upon all the world.
(*Crall* v. *Poso Irrigation District,* 87 Cal. 147; *Estate of
Davis,* 136 Cal. 590.) .

The reasons offered by the heirs for setting aside the order
are, that it was not necessary to sell the estate to pay debts
and expenses, and that the amount bid was disproportionate
to the value of the property.

In answer to the first reason, the court had, by the order, found that it was necessary to sell in order to pay debts and expenses. The object of the motion was to have the court, upon affidavit, set aside this finding and find that it was not necessary to so sell in order to pay debts and expenses. If orders and decrees based upon evidence as to the facts can be set aside upon affidavits showing different facts, they would indeed be of a shifting, unsubstantial nature.

As to the second reason, that the sale was disproportionate to the value, that could have been fully considered upon the objections to the confirmation of sale.

It may be further said that the petition alleged and the court found that it was to the best interests and advantage of said estate and those interested therein to sell the said real estate. This finding is in no way attacked by the affidavit, and was sufficient to justify the order of sale. (Code Civ. Proc., sec. 1542; *Estate of Porter,* 129 Cal. 86.[1])

The order vacating and setting aside the order of sale is void. The order refusing to hear testimony and denying a confirmation of the said sale should be reversed and the court below directed to proceed with the hearing upon the return of sale and the objections thereto.

Haynes, C., and Gray, C., concurred.

The order vacating and setting aside the order of sale is void. The order refusing to hear testimony and denying a confirmation of the said sale is reversed and the court below directed to proceed with the hearing upon the return of sale and the objections thereto.

Harrison, J., Van Dyke, J., Garoutte, J.

[1] 79 Am. St. Rep. 78, and note.