[Civ. No. 14369. Second Dist., Div. Three. June 26, 1944.]

Estate of FRANK G. DEPEW, Deceased. ALTA H. DE-PEW, as Administratrix, etc., Petitioner and Appellant, v. DON IMLER et al., Respondents; RAYMOND HENRY BUHLER, First Purchaser and Appellant.

Glenn M. Hershner, Cook & Johnson and Wiley J. Shannon for Appellants.

Everett H. Smith for Respondent.

DESMOND, P. J.—This is a case where two appellants seek to reverse two orders made by the superior court sitting in probate. The first is an order by which a Packard automobile was sold by the court to the respondent, Don Imler; the second is an order of the same court denying the motion of appellant, Alta H. Depew, made under the provisions of section 473, Code of Civil Procedure, to vacate and set aside that sale. ■ Since this second order was made in probate no appeal from it will lie under the provisions of section 1240 of the Probate Code. (See *Estate of O'Dea* (1940), 15 Cal.2d 637 [104 P.2d 368].) We proceed, therefore, to consider the merits of the appeal from the other order.

Appellant Depew, as administratrix of the estate of Frank G. Depew, had sold, within a few months after decedent's death, a Packard automobile, property of the estate, to Ray-

mond Henry Buhler, the other appellant here. Mr. Depew had undertaken to purchase this automobile under a monthly installment plan calling for payment of $68 per month upon the balance due under the terms of a chattel mortgage. Default in the payments occurred in the month of decedent's death, February, 1943, and the succeeding month of March. According to the stipulation and agreed statement of facts filed in the case, the estate had no funds with which to pay the delinquent installments and the mortgagee, Pacific States Loan Company, had threatened to take possession of the automobile and sell it under the provisions of the chattel mortgage; in order to prevent such action and save the estate harmless from loss, the automobile was sold to Buhler at the price of $1,100, under the terms of section 770 of the Probate Code of California; at or about April 9, 1943, Buhler paid the two delinquent installments and borrowed enough money from a local bank to pay off and discharge the lien of the mortgage and make a payment of cash to the administratrix in the sum of $336. The expenditures which he made upon the automobile, including the payment to the administratrix, amounted to the selling price, $1,100. The automobile had been appraised at $1,050.

In June of 1943, the administratrix filed a "Petition For Confirmation Of Sale Of Personal Property Under Section 770 Probate Code." In that petition she stated that she "was forced to sell said automobile for the reason that she could not make the monthly payments that were due the finance company on said car, and said automobile was incurring too much expense for petitioner to keep same, and it was also depreciating in value."

Section 770 appears in the article of the Probate Code entitled, "Sale of Personal Property," and permits the sale, without notice, of "Perishable property and other personal property which will depreciate in value if not disposed of promptly, or which will incur loss or expense by being kept. . . ." The same section provides that the title to said property shall pass without confirmation "but the executor, administrator or special administrator is responsible for the actual value of the property unless, after making a sworn return, and on a proper showing, the court shall approve the sale." There was no necessity in this case of filing the petition at the time when it was filed, but if the court had taken

favorable action and approved the sale to Buhler upon the return made by means of the petition, the administratrix would have been relieved, by that action, of responsibility for any value above the amount received. Upon the filing of this petition, a hearing date was fixed for July 8, 1943, and notice thereof posted, although no request for a hearing was made. On that date, and in open court, a bid for the automobile was submitted by respondent Imler in the sum of $1,210, being 10 per cent above the amount for which the sale had been made to Buhler, and the judge then presiding in probate, made the first order appealed from, entitling it "Order Approving Sale of Personal Property Likely To Depreciate In Value." Neither the administratrix nor her attorney nor the appellant Buhler were present at the bidding and approximately one week later the administratrix filed her petition asking that the order of sale to Imler be vacated and set aside on the ground that because of her mistake, inadvertence, surprise and excusable neglect she did not have the court sign an ex parte order approving the sale of the car, "this petitioner and her said attorney believing that no further bids for said car could be made, since she had sold same under section 770 of the Probate Code. That petitioner herein did not want any further bids to be made on said Packard car for the reason that she had already sold same, conveyed title to it, and delivered possession of it to the buyer, and had petitioner known that the Court would allow further bids to be made she would not have even petitioned the above Court to approve said sale, since all of the heirs of the above estate were satisfied with the sale of said car as petitioner had made." The petitioner incorporated in her petition to vacate the sale by the court a prayer "that petitioner's petition to approve sale of said Packard sedan auto, filed on June 22, 1943, and set for hearing by clerk of above Court on July 8, 1943, be stricken from the files [etc.]." The motion for relief made under section 473, Code of Civil Procedure, was denied by the court on August 13, 1943, and shortly thereafter, on August 26th, the court authorized the clerk of the superior court to receive from Don Imler the sum of $1,210 in full payment for the Packard automobile; "in the event said Don Imler does not obtain said possession and clear title thereto, said sum of Twelve Hundred Ten Dollars, ($1,210.00), shall forthwith be returned to him." On the following day the possession of the car was taken from Buhler by the Marshal

of the Municipal Court of the City of Los Angeles in a claim and delivery suit instituted by Imler.

A single opening brief has been filed by both appellants, who state the gist of their case as follows, on page 10 thereof: "It is apparent from the foregoing [recital from the agreed statement of facts] that it was the intention of said administratrix to sell said automobile without notice and without confirmation and to pass the title to said car to the purchaser, Raymond Henry Buhler, under the provisions of Section 770 of the Probate Code and that she did so for the purpose of saving the estate from loss through the foreclosure of the outstanding chattel mortgage; that every act required by law to pass the title on such a sale was fully complied with; that said purchaser intended to buy said automobile under the provisions of said section and did every act required in order to acquire title thereto and has materially altered his position in reliance upon acquiring the title thereto under the provisions of said Section 770; that the Court recognized that a sale under the provisions of Section 770 was justified in this case, but instead of approving or disapproving the sale as in said section authorized, undertook to reopen the sale and pass title to property, title to which had already passed out of the estate, and confirm the sale to a new purchaser. We submit, therefore, that the title to said automobile passed by the sale thereof to Raymond Henry Buhler and that the order of said Court confirming the sale to Don Imler was void and beyond the jurisdiction of the Court to make, and being void, said order should have been vacated by the Court upon the motion of the administratrix, or by the Court of its own motion when the matter was called to its attention."

The respondent answers as follows: ". . . by filing the return of sale and petition for approval, the administratrix brought herself squarely within the purview of Sections 755 and 756.5 of the Probate Code. There is nothing in the record which demonstrates that the automobile in question was perishable or that the attempted sale was necessary under Section 770. Therefore, the Court in accepting the bid of respondent, must only have concluded that the property was that which could be sold only under Sections 755 and 756.5. The question of whether property is of the type necessary to be sold under Section 770 is one of fact for the Probate Court, and in the absence of any evidence to the contrary in the record (which is the situation in the case at bar), every intend-

ment must be in favor of the finding, implied or actual, of the trial court.'' ▮ We cannot agree that there is nothing in the record which demonstrates that the sale of the automobile in question was necessary under section 770, for that section provides specifically for the sale of personal property ''which will incur loss or expense by being kept.'' Counsel has failed to notice the caption of the petition, which we have heretofore quoted, and the contents of that petition, which we have also quoted, from which it appears that the administratrix was forced to sell the automobile because she could not make the monthly payments and the automobile was incurring too much expense for petitioner to keep it and that it was also depreciating in value. Furthermore, the minutes of July 8, 1943, read as follows: ''DEPEW, FRANK G. . . . Return of Sale of Personal Property—Sold in open Court to Don Imler for $1210.00 being the highest & best bid (*Sec 770*).'' (Italics added.) Also in the transcript we find the following: ''IN THE MATTER OF THE ESTATE OF FRANK G. DEPEW, Deceased. No. 220661 ORDER APPROVING SALE OF PERSONAL PROPERTY LIKELY TO DEPRECIATE IN VALUE. The return and petition *for approval of sale of personal property likely to depreciate in value herein, of Alta H. Depew, as administratrix of the estate of said deceased,* by Glenn M. Hershner, her attorney, coming on this 8th day of July, 1943, for hearing by the Court, and the Court finding that all notices of said hearing have been given as required by law; It is Ordered, by the Court that the sale of 1942 Packard Club Sedan automobile, 8 Cylinders, made in open Court to Don Imler, for the sum of $1210.00 cash, is hereby approved.'' (Italics added.)

▮ The respondent further argues that ''The very filing of the verified return of sale and petition for approval is unquestionably an admission by the administratrix that the attempted sale could only be had under Sections 755 and 756.5, and therefore that title did not pass under Section 770.'' In this connection, we quote section 755 of the Probate Code: ''*Order of confirmation of sale: Notice.* Except as provided by sections 770 and 771 of this code, all sales of property must be reported to the court and confirmed by the court before the title to the property passes. The report must be verified. Such report and a petition for confirmation of the sale must be made within thirty days after each sale. The clerk shall set the petition for hearing by the court and give

notice thereof for the period and in the manner required by section 1200 of this code.'' According to the agreed statement in this case, the sale of the automobile to Buhler took place on or about April 9, 1943, and the record shows that the return to the court and request for approval of same was filed on June 22, 1943, considerably more than sixty days after the sale instead of within thirty days as provided in section 755. Consideration of this section, especially the clause, ''Except as provided by sections 770 and 771 of this code,'' and the time limit for presenting a return, does not lead us to believe that ''the Court in accepting the bid of respondent, must only have concluded that the property was that which could be sold only under Sections 755 and 756.5.'' Nor do we feel that it furnishes any ground for the statement that the filing ''of the verified return of sale and petition for approval is unquestionably an admission by the administratrix that the attempted sale could only be had under Sections 755 and 756.5, and therefore that title did not pass under Section 770.''

■ Section 756 of the Probate Code, immediately following section 755, has relation not to sales made under sections 770 and 771, but generally to sales of personal property in which confirmation by the court is required before title can pass. ■ In such a case, section 756.5 provides means for the acceptance of a higher bid in the discretion of the court. This last named section was added to the Probate Code by the Statutes of 1939 and, apparently to avoid confusion, the Legislature at its session in 1943 amended section 756.5, effective at a date subsequent to the sale in this case by adding the following, ''This section shall not apply to personal property sold at public auction nor to personal property sold under the provisions of Section 770 of this code.''

The appellants argue in their brief that the Legislature, in adopting section 756.5 in 1939, did not expressly repeal, amend or modify sections 755, 770 and 772 of the Probate Code and that a repeal by implication cannot be grounded upon that amendment. The respondent, according to his brief, ''does not contend that the enactment of Section 756.5 in 1939 was intended as a repeal by implication or any other manner of Section 770,'' but he insists that the enactment of section 756.5 in 1939, and its reenactment in 1943, with the additional language which we have just quoted, ''can only mean that prior to the amendment of 1943, Section 756.5 *did*

apply to property sold under Section 770, otherwise why did the legislature specifically exclude *only* the one section, to-wit: Section 770?'' We have already given the answer to this question which occurs to us: namely, to avoid confusion.

It is apparent from the agreed statement of facts that the administratrix in this estate was in the difficult position, immediately after Mr. Depew's death, of finding, as soon as possible, a buyer who could secure the necessary priority and assume the obligations attaching to the Packard car and pay a price that would be reasonable in view of the appraisal of $1,050. Therefore, as stated in the agreed statement of facts, ''in order to prevent such action [foreclosure of the chattel mortgage] and save said estate harmless from loss,'' she accepted the bid of Buhler and transferred title and possession to him at that time. Although the petition filed by the administratrix indicated that the sale was made under section 770, that fact apparently escaped the notice of the trial court when he ordered the sale to Imler. In our opinion, this last order was void since title to the car had already passed to Buhler and the only matter submitted by the petition addressed to the court was whether the sale of the automobile for $1,100, made under section 770 of the Probate Code, should be approved.

The order is reversed and the cause remanded to the superior court with instructions to vacate the order of July 8, 1943, and to determine whether or not the reported sale of the automobile under section 770, Probate Code, shall be approved. The purported appeal from the order denying relief under section 473, Code of Civil Procedure, is ordered dismissed.

Shinn, J., and Wood (Parker), J., concurred.