[Civ. No. 4733.   Fourth Dist.   Nov. 6, 1953.]

Estate of W. A. SINCLAIR, Deceased.   IRWIN E. KANE, Appellant, v. L. N. MYERS, as Executor, Respondent.

Samuel A. Miller for Appellant.

Robert Ritchie and Curtis, Knauf, Henry & Farrell for Respondent.

BARNARD, P. J.—This is an appeal from an order confirming sale of personal property, presented on a settled statement.

The property sold consisted of a note and trust deed.   At the time of confirmation a balance of $95,000 remained unpaid, being payable over the next 19 years.   In his return and petition for confirmation the executor reported that he had sold the note and trust deed to a Mrs. Boyle for $88,350; that he had given the required notice and the sale was legally made and fairly conducted; that this was the highest and best bid received and was not disproportionate to the value of the property; and that it was for the best interest of the estate that the property be sold, for the reason that liquida-

tion was necessary in order to make distribution under the terms of the will.

At the hearing, the court inquired whether anyone present desired to increase the amount of the returned bid by at least 5 per cent. The appellant Kane, through his attorney, stated that while he did not wish to increase the bid by 5 per cent he was willing to increase the bid to $90,000. He thereupon filed with the clerk a written bid offering $90,000 for the note and trust deed. After a discussion with respect to the right of the court to consider an increased bid which was less than that provided for in section 756.5 of the Probate Code, the court expressed a desire to accept a higher bid if he could legally do so, and continued the hearing for a week. At that time the matter was further argued and the court stated that he did not wish to take the responsibility of rejecting the bid of Mrs. Boyle and ordering a new sale, as there was no assurance that the $90,000 bid would then be made available. Thereupon, the attorney for the appellant stated that he had in his possession a cashier's check for $10,000 which he was willing to deposit with the court or with the attorney for the executor, as evidence of good faith. Both the court and the attorney for the executor declined to accept the responsibility of accepting and holding the check. The executor then testified that he had written two letters to Kane telling him that the trust deed was for sale; that he had discussed the matter with Kane on several occasions but could not pin him down to a definite figure; that Kane tried unsuccessfully to find out what other bid had been received; that he later sent Kane a bid form but received no answer; and that no definite offer of any amount was made by Kane. Appellant's counsel then stated that if Kane were present he would testify that he had offered $90,000 for this note and trust deed. The court then confirmed the sale to Mrs. Boyle. In his order the court found that due notice of the hearing had been regularly given; that notice of the sale had been given by the executor as required by law; that the sale was regularly held at the time and place specified in the notice; that the sale was legally made and fairly conducted; that at said sale the executor sold this note and trust deed to Mrs. Boyle for $88,350, this being the highest and best bid made; that the sum so bid is not disproportionate to the value of the property; and that an offer of at least 10 per cent more than the bid was not made in open court.

No complaint is made with respect to the legality of the sale as returned to the court, or that the bid accepted was disproportionate to the value of the property under the circumstances. [1] Appellant's sole contention is that under section 756.5 of the Probate Code it is mandatory for the court to accept any increased bid, even though the increase is less than 10 per cent, provided it is substantial in amount. So far as material here, that section reads: "Upon the hearing of a petition for confirmation or approval of sale of personal property, . . . if a written offer of 10 per cent more in amount than named in the return is made . . . it is in the discretion of the court to accept such offer and confirm or approve the sale . . . or order a new sale."

The appellant argues that under the terms of this section the only discretion given the court is to accept the bid or to order a new sale in the event an increased offer of 10 per cent is received; that if the increased bid is less than 10 per cent greater than the returned bid the court has no discretion but must accept it, as being for the best interest of the estate; and that it was an abuse of discretion to refuse to accept his offer at the hearing.

In support of this contention the appellant cites *Jerrue* v. *Superior Court*, 7 Cal.App. 717 [95 P. 906], where the probate court originally accepted a bid of only $25 higher than the $7,000 bid covered by the return, and the case of *Estate of Depew*, 65 Cal.App.2d 81 [149 P.2d 890], in which the court referred to the fact that in certain cases "section 756.5 provides means for the acceptance of a higher bid in the discretion of the court." The Jerrue case involved only the question as to whether the original bidder was entitled to a writ of certiorari under certain facts not material here. Not only was it decided long before section 756.5 of the Probate Code was adopted, but it did not hold that the acceptance of the slightly increased bid was proper, even at that time. In *Estate of Depew*, it was merely held that title passed without confirmation, the sale having been had under section 770 of the Probate Code.

In connection with the sale of real property it has long been the law in this state that the court shall make an order confirming the sale, unless an increased bid of at least 10 per cent (or 5%) is made at the hearing. This provision, now found in section 785 of the Probate Code, is based upon prior statutes long in force. In *Estate of Leonis*, 138 Cal. 194 [71

P. 171], it was held that it was incumbent upon one attacking a confirmation of sale to show, among other things, that a sale exceeding such bid by at least 10 per cent could be obtained. In *Bennallack* v. *Richards,* 125 Cal. 427 [58 P. 65], it was held that the investigation by the court is limited to ascertaining certain facts required by the statute, including whether or not an increased bid of at least 10 per cent could be obtained, and that in the absence of facts showing a violation of the statute the court must make an order confirming the sale. In *Estate of Robinson,* 142 Cal. 152 [75 P. 777], it was held that it was the duty of the court to confirm a sale to the original bidder although another bidder offered $600 more, but refused to offer 10 per cent more, than the original bid.

Section 756.5 is included in an article of the Probate Code entitled "Sales in General." Section 755 provides that, with certain exceptions, all sales of "property" must be reported to and confirmed by the court before title passes. Section 756 provides for the filing of written objections to such confirmation and a hearing thereon. In section 756.5, which follows, no discretion is given to the court unless a written offer of 10 per cent more than the amount named in the return is received. In that event the court may either accept the increased offer or order a new sale. The language used implies that the court may not accept a new offer, or order a new sale, unless there is a compliance with the named condition. We find nothing in that section which supports the contention here made.

No good reason appears why the appellant should not have made his bid at the proper time. There are valid reasons, long recognized, for putting a condition on bidding at confirmation hearings. To permit a bidder to wait until he knew the amount of the bid accepted and returned, and to then bid a few dollars more, would make the prior proceedings largely worthless and would put an unnecessary burden on the court. For the protection of all concerned, a reasonable condition has been imposed by the Legislature.

The order is affirmed.

Griffin, J., and Mussell, J., concurred.